GENERAL BAKING CO. *v.* HARR, SECRETARY OF
BANKING OF PENNSYLVANIA, ET AL.

No. 559. Argued March 5, 1937.—Decided March 29, 1937.

*Mr. George E. Beechwood,* with whom *Messrs. James S. Benn, Jr., Mark E. Lefever, J. Harry LaBrum,* and *William J. Conlen* were on the brief, for petitioner.

*Mr. Joseph S. Clark, Jr.,* with whom *Mr. Charles J. Margiotti,* Attorney General of Pennsylvania, was on the brief, for respondents.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Acting under Pennsylvania statutes, October 5, 1931, William D. Gordon, Secretary of Banking, (respondent Harr is his successor) closed the Franklin Trust Company, a banking institution in Philadelphia, and took control of its business and assets.

Thereafter in the United States District Court, Eastern District of Pennsylvania, petitioner, a New York corpora-

tion, presented a bill against Gordon, setting up an agreement by which it undertook to keep on deposit with the Trust Company a sum specified, and the latter undertook either directly or through correspondent banks to accept deposits of cash, checks, etc., and to forward the proceeds therefrom to petitioner in New York. Also that when closed the Trust Company had in its assets $49,590.17 received under this agreement, and its correspondent banks had on hand deposits likewise acquired amounting to $32,403.26.

The bill prayed for a decree declaring petitioner owner of the $32,403.26 and that a trust existed in its favor in respect of the $49,590.17 deposit; also for general relief. The answer suggested some qualifications of the alleged agreement and denied that there was no adequate remedy at law. Otherwise, the allegations of the bill were generally admitted.

The District Court took jurisdiction of the controversy; held petitioner was not owner of the $32,403.26; also that no ground existed for impressing a trust upon assets because of the $49,590.17 deposit; and dismissed the bill.

The Circuit Court of Appeals concluded the District Court had no jurisdiction and should have dismissed the bill without adjudicating other questions. It accordingly approved the dismissal but directed that the cause be referred to the state court for proper procedure there.

Although entered in September, 1936, the opinion below does not refer to *Commonwealth Trust Co.* v. *Bradford,* 297 U. S. 613, decided here March 30, 1936. Nothing indicates that this opinion was brought to the Court's attention. The doctrine there approved, we think, is decisive of the issue concerning jurisdiction now presented.

It was error for the Circuit Court of Appeals to hold that the District Court was without jurisdiction of the controversy. It should have passed on issues properly presented upon the appeal.

The questioned decree must be reversed and the matter remanded to the Circuit Court of Appeals for further proceedings.

*Reversed.*