**GENERAL BAKING CO. v. HARR (successor to GORDON), Secretary of Banking, et al. ***

**No. 5303.**

Circuit Court of Appeals, Third Circuit.

July 29, 1937.

Rehearing Denied Sept. 23, 1937.

---

*Writ of certiorari denied 58 S.Ct. 362, 82 L.Ed. ---.

·George E. Beechwood and Conlen Labrum & Beechwood, all of Philadelphia, Pa., for appellant.

Joseph S. Clark, Jr., of Philadelphia, Pa., for appellees.

Before THOMPSON and BIGGS, Circuit Judges, and MARIS, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania dismissing plaintiff's bill. The cause was determined in the court below upon bill and answer, each amended. The court affirmed on the merits in an unreported opinion filed September 28, 1934. General Baking Company v. Gordon. Upon rehearing this court concluded the District Court had no jurisdiction and directed that the cause be referred to the state court. General Baking Company v. Harr (C.C.A.) 85 F.(2d) 932. The Supreme Court reversed in General Baking Co. v. Harr, etc., et al., 300 U.S. 433, 57 S.Ct. 540, 81 L.Ed. 730, ruled that the District Court had jurisdiction, and remanded the cause to us for decision upon the merits of the appeal. Except for the question of jurisdiction, the same issues are before us now as were argued upon the original appeal.

The pleadings before this court are the amended bill in equity as amended and the answer thereto. General Baking Company, hereinafter called the Baking Company, is a New York corporation with its principal place of business in New York City. It is engaged in selling bread, cakes, and similar food products throughout the United States. On August 25, 1925, it entered into an oral agreement with the Franklin Trust Company, hereinafter called the Trust Company. We find the terms of the agreement as averred in the amended bill of complaint and qualified by the answer, to be as follows: ·

The Baking Company was to open two accounts with the Trust Company, the first to be known as a "Disbursement Account" and the second a "Deposit Account." The "Disbursement Account" is not involved in this opinion. The dispute concerns the "Deposit Account." All checks, cash, and drafts received by the three Philadelphia distributors of the Baking Company were to be deposited in that account. The Trust Company was to credit the Baking Company and send advices to the Baking Company's New York office. On Monday of each week the Trust Company was to forward the balance in the account to the Baking Company's office or its depository in New York.

The Baking Company's distributors in New Jersey, Delaware, and Eastern Pennsylvania were to deposit cash, drafts, and checks in correspondent banks selected by the Trust Company and approved by the Baking Company. These deposits were to be credited to the Trust Company and were to be subject to withdrawal by check of the Trust Company. Written acknowledgments were to be mailed to the Baking Company and credit advices to the Trust Company by the correspondent banks immediately upon receipt of the deposits. The Trust Company was to credit the "Deposit Account" and forward the proceeds on Monday of each week to the Baking Company or its depository in New York.

The Trust Company was authorized to retain and use the deposits in the Trust Company or the correspondent banks. By subsequent oral amendments the funds were made available to the Baking Company twice weekly.

The Trust Company suspended business on October 5, 1931, at which time it had in the "Deposit Account" $49,590.17, of which $40,642.67 was in cash and the remainder in uncollected drafts and checks, representing deposits made on October 2 and 3, 1931. The Secretary of Banking collected $8,747.-66 of the drafts and checks subsequent to October 5, 1931. On October 5 the correspondent banks were in possession of $32,403.26 in cash and checks delivered to them by the distributors of the Baking Company. The Trust Company did not receive advices from the correspondent banks until after that date.

The Baking Company prayed for a decree declaring it was the cestui que trust of $49,590.17 and owner of the $32,403.26.

█ Deposits made in the ordinary course of business create the relationship of debtor and creditor between depositor and bank and not that of cestui que trust and trustee. National Bank of the Republic v. Millard, 10 Wall. (77 U.S.) 152, 19 L.Ed. 897 and cases there cited. It is of course entirely possible for the parties to arrange for a special deposit and thereby create a trust relationship. We do not so construe the oral agreement in the instant case. There is no provision in the oral agreement that the Baking Company's deposits be segregated by the Trust Company from its other funds and devoted to a special purpose. In the absence of such an agreement, the Trust Company was entitled to use the deposits as its own. Such a conclusion is not based upon conjecture, for the answer avers as a fact that there was an express agreement that the Trust Company was entitled to use the deposited funds in its own business.

█ The Baking Company contends that as to the uncollected checks and drafts amounting to $8,747.66 a trust existed by reason of the Pennsylvania Bank Collection Act of June 12, 1931, P.L. 568, 7 P.S. Pa. § 212 et seq. The act reads: "Except as otherwise provided by agreement, * * * where an item is deposited or received for collection, the bank of deposit shall be agent of the depositor for its collection." Section 2, 7 P.S.Pa. § 213. We reiterate that the oral agreement did not provide that checks be deposited "for collection" and that it did provide that deposits of checks and drafts be treated in exactly the same way as the deposits of cash. The cited act is therefore inapplicable.

█ The $32,403.26 in cash, checks, and drafts in the correspondent banks were received by those banks for and on behalf of the Trust Company. The intention of the parties was to earmark all deposits in the outlying banks in exactly the same manner as though deposited directly in the Trust Company. The Baking Company under the terms of its agreement accepted the credit of the Trust Company in the amount of the deposits made in the correspondent banks.

The authorities cited by the Baking Company would sustain its contentions were it not for the oral agreement, but, because of the oral agreement, are inapplicable.

The decree of the Court below is affirmed.