DEPARTMENT OF FINANCIAL INSTITU-
TIONS OF INDIANA et al. v. MERCAN-
TILE–COMMERCE BANK & TRUST CO.
et al.

MERCANTILE–COMMERCE BANK &
TRUST CO. et al. v. CENTRAL UNION
BANK et al.

Nos. 6257, 6309.

Circuit Court of Appeals, Seventh Circuit.

Oct. 21, 1937.

Rehearing Denied Nov. 23, 1937.

Winfield K. Denton, Milford M. Miller, and William C. Welborn, all of Evansville, Ind., for Department of Financial Institutions and another.

Truman Post Young, and Fred Armstrong, Jr., both of St. Louis, Mo., and Richard R. McGinnis, of Evansville, Ind., for trustees.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is an appeal from a decree of foreclosure and sale under a trust deed securing $412,500 and covering a ten-story office and bank building, a part of the assets of appellant Central Union Bank. Appellant Department of Financial Institutions of the

state of Indiana was in possession of the bank's assets for the purpose of liquidation under the Indiana statute.

Appellants contend that the res of the bank's property, including the bank building, fixtures and equipment mortgaged, being in custodia legis in the state court, it was beyond the jurisdiction of the District Court to enter a decree of foreclosure and sale; that the court should have dismissed the bill; that by virtue of the liquidation proceedings, cause No. 2342 in the superior court of Vanderburgh county, Indiana, exclusive jurisdiction was vested in that court over the res and that no other court might interfere with its custody and jurisdiction; that, further, and irrespective of any right in the trustees, appellees, to prosecute their suit for foreclosure in a federal court because of diversity of citizenship, such right has been waived by their action in filing and proving their claim for the mortgage debt in the superior court.

Appellees contend that the proceeding pending in the Indiana court is administrative in character; that custody and jurisdiction of the property are not in the court but rather in the executive department of the state government; that, consequently, the doctrine of comity requiring the surrender of jurisdiction to a court of co-ordinate jurisdiction first procuring the custody of the res does not apply; that diversity of citizenship existing, appellees have a right to their remedy in a federal court, which cannot be taken away by state statute; that the filing of their claim in the liquidation proceeding and praying for relief therein was no waiver of this right; that the District Court had jurisdiction and that the decree should be affirmed.

Appellee the Evansville Morris Plan Company is an Indiana corporation, incorporated March 14, 1930. On March 15, 1930, it executed the deed of trust to appellee trustees, both citizens and residents of Missouri, to secure $450,000 first lien 6 per cent. real estate gold notes, covering the property here involved, a ten-story office building known as the Central Union Bank building. On September 26, 1930, the Central Union Bank was incorporated under the laws of Indiana. On September 27, 1930, the Evansville Morris Plan Company conveyed to the bank the real estate and on the same date the bank executed an instrument, wherein it assumed and guaranteed payment of the indebtedness secured by the deed of trust.

On July 24, 1933, the Department of Financial Institutions of Indiana, by virtue of the statutes, took possession of all assets of the Central Union Bank, including the office building, and filed a notice of liquidation with the clerk of the superior court as provided by law, because, as was said in the notice, the bank was insolvent and not being administered to the best interests of the creditors and shareholders.

In accordance with the banking act, the clerk of the superior court thereupon entered a civil action upon the court docket, entitled "In the matter of the Liquidation of Central Union Bank," and numbered it 2342. Summons issued and was served upon the Central Union Bank. It appeared in court on the 4th day of August, 1933, consenting to the action of the department, and the court thereupon, after hearing, entered an order directing the department to take possession of the assets and to proceed with liquidation thereof, subject to further orders. Ten days later the department filed in the cause its petition in which it alleged that part of the assets was a ten-story office building, the Central Union Bank building, and prayed directions relative to the operation and management thereof. The court entered an order directing the department as to the operation and management of the building, fixing the wages of the various employees and the amounts to be paid for coal and electricity and various other services. On September 5, 1933, the department filed in the cause its petition for authority to pay the sum of $7,573.07 to the trustees in satisfaction of interest due on September 15, 1933, and the court entered an order granting the petition and directing the department to make the payment. The department complied with the order and paid the money to the trustees who accepted and retained it.

On November 24, 1933, the trustees filed their claim and petition in the liquidation cause, making a part thereof the deed of trust and the supplemental indenture, in which they prayed that their claim should be allowed in the sum of $412,500 as a general claim against the assets of the bank; that the court decree that they have a prior lien upon the building, and that the revenues and profits from the building be set aside for the benefit of the holders of the notes and "all other equitable and proper relief." Upon hearing upon this claim and petition on the 24th day of February, 1934, the court entered an order decreeing that the trustees have a first lien upon the building and the

rents and profits and ordering the department to set aside and segregate such rentals for the benefits of the noteholders. The court reserved disposition of the question of whether the trustees were entitled to have their claim allowed also as a general claim.

On March 21, 1934, the trustees filed in the liquidation cause their motion for the payment of interest due March 15, 1934, upon the deed of trust, and, after hearing, the court took the motion under advisement. On May 22, 1934 counsel for the trustees entered their general appearance for the interveners, the trustees, in the liquidation cause. On June 8, 1934, the court entered an order disallowing the claim of the trustees as a general claim and denying the motion of the trustees for the payment of interest. The trustees thereupon filed a motion for a new trial and upon denial of same perfected an appeal to the Appellate Court of Indiana, which, in December, 1936, dismissed the same.

On June 27, 1934, the department filed its petition for authority to pay out of the rents collected the sum of $12,375 to the trustees in satisfaction of the interest due March 15, 1934, as provided in the deed of trust. The court allowed the petition and directed the payment, which was made to and retained by the trustees. On June 11, 1935, the department filed in the cause its petition for the sale of the building, free and clear of liens, with provision that the lien of the trust deed be transferred and attach to the net proceeds of the sale. This petition was set for hearing July 1, 1935.

At this state of the proceedings, on June 29, 1935, almost two years after the institution of the liquidation proceeding in the state court, the trustees filed their bill for foreclosure and sale in the District Court of the United States (on June 25, 1935), making defendants thereto the department, the bank and the original mortgagor, the Evansville Morris Plan Company, seeking foreclosure and sale of the building, the appointment of a receiver of the premises to collect rents and profits, a personal judgment against the bank and Morris Plan Company and an injunction against appellants from proceeding further in the superior court of Indiana with their petition for the sale of the mortgaged property.

The department and the bank filed their verified motions to dismiss for want of jurisdiction, in that the bill disclosed on its face that the subject matter was in the exclusive jurisdiction of the superior court of Indiana in the liquidation proceedings. The motions were overruled. Appellants thereupon filed verified answers in abatement to the jurisdiction of the court over the persons of appellants and the subject matter of the action and an additional answer upon the merits.

After trial the court entered findings of fact and conclusions of law, finding that the equities were with appellees; that they were entitled to foreclosure of their mortgage and that there was due the trustees $488,402.07 for which they were entitled to judgment against the Evansville Morris Plan Company, and entered a decree of foreclosure, directing the sum found due be paid within five days and that, upon default in such payment, the deed of trust be foreclosed and the bank building sold by a special master under the deed of trust, foreclosing appellants and all persons claiming under them from any further interest in the property.

Burns Indiana Statutes Annotated 1933, § 18-301, as amended in 1935 (Acts 1935, c. 5, § 6), provides that the Department of Financial Institutions of the state of Indiana may take possession of any financial institution whenever it shall appear that it is insolvent or being operated in violation of the laws and the rights of creditors and shareholders. The department, under section 18-302, may demand the surrender of all property of a corporation and upon refusal it may bring an action in the name of the state in the circuit court or superior court of the county. The court, after notice and hearing, has jurisdiction by order and decree to compel the surrender of the property to the department. Section 18-303 provides that after the department has taken possession it shall hold the same until the affairs of the institution shall have been fully terminated.

Section 18-304 (as amended by Acts 1935, c. 5, § 7) provides for the giving of notice and provides that one copy thereof shall be filed with the clerk of the court and that the clerk shall enter the cause as a civil action upon the dockets of the court under the title of "In the matter of the liquidation of —————" (inserting the name of the financial institution). Thereupon the court is vested with "exclusive jurisdiction to hear and determine all issues and matters pertaining to or connected with the liquidation of such financial institution." Section 18-304 provides that the rights and liabilities

of the institution and of its creditors and shareholders and all other persons interested therein shall be fixed as of the date of the filing of notice of the liquidation in the office of the clerk.

Section 18-305 provides that the sole and exclusive right to liquidate and terminate the affairs of any financial institution shall be vested in the department without the appointment of a receiver and that after the department shall have taken possession "no suit, action or other proceeding at law or in equity shall be commenced or prosecuted against such financial institution upon any debt, obligation, claim or demand, but all debts, claims and demands of every kind and character against such institution shall be filed with the department and shall be determined and disposed of as provided in this act."

The act provides also for institution of suits, collection of debts and other details, all under the supervision and jurisdiction of the court. As amended in 1935 (section 18-310, as amended by Acts 1935, c. 5, § 10), it provides that the department may be sued but that such action "shall not be commenced or maintained in any court other than the court having jurisdiction of the liquidation of such financial institution unless the consent of such court shall have been first obtained."

There have been no decisions of the federal courts interpreting this act. The Supreme Court of Indiana in Fox v. Department of Financial Institutions et al., 7 N.E. (2d) 39, 43, observed that the intent of the law is to place the custody of the property "in the hands of the law * * * to effect an equitable and economical distribution of the assets of such bank among its creditors, * * * as though a receiver were appointed. The end to be accomplished is the same." ·

The statute apparently contemplates jurisdiction in the court to the same extent and of the same character as exists under the Nebraska statute, considered by the Supreme Court in Lion Bonding & Surety Company v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 481, 67 L.Ed. 871. There the state statute provided that when an insurance company is insolvent or its condition has become hazardous to its creditors and shareholders, the Department of Trade and Commerce may apply to the state court for an order directing the company to show cause why the department should not take possession of its property and conduct or close the business. The court is empowered, in its discretion, to place the department in possession, to enjoin further transactions of business by the corporation; to authorize the department to possess, manage, and operate the property, and to direct liquidation, which shall be made "by and under the direction of the department."

In the case cited receivers were appointed by a federal court, after the department had taken possession of the assets of the Lion Bonding Company. The Supreme Court reversed the order, holding that the proceedings in the state court were a bar to an action in the federal court. The court held that the res was in "the possession and control of the state court." It said: "Where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. * * * Wabash R. R. Co. v. Adelbert College, 208 U.S. 38, 54, 28 S.Ct. 182, 52 L.Ed. 379. Compare Oklahoma v. Texas, 258 U.S. 574, 581, 42 S.Ct. 406, 66 L.Ed. 771. Possession of the res disables other courts of coordinate jurisdiction from exercising any power over it. Farmers' Loan & Trust Co. v. Lake Street Elevated R. R. Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667. The court which first acquires jurisdiction through possession of the property is vested, while it holds possession, with the power to hear and determine all controversies relating thereto. It has the right, while continuing to exercise its prior jurisdiction, to determine for itself how far it will permit any other court to interfere with such possession and jurisdiction. Palmer v. Texas, 212 U.S. 118, 126, 129, 29 S.Ct. 230, 53 L.Ed. 435."

The court concluded that the bill in the federal court should have been dismissed, because its effect was inevitably to take the property out of the possession of the state court. What the federal court was attempting to do was not to adjudicate rights in personam but to take the res from the state court and to enjoin all action on its part except as directed by the federal court, and, inasmuch as the custody of the res was lodged in the state court prior to the federal court proceeding, the latter might not interfere with the state court's jurisdiction. The court said further: "If the legality of the state court's action was to be questioned, it could be done only by laying the proper foundation through appropriate proceedings in that court. * * * If such action had been taken and relief

had been denied there, resort .could then have been had to appellate proceedings. * * * But the judgment of the state court, which had possession of the res, could not be set aside by a collateral attack in the federal courts."

This language is directly applicable to the situation before us. While the Indiana department is an administrative body, its title and possession under the statute, directed by the court, is as full and complete as that of a receiver. It has the actual custody of the property under a court order and that court, as we have seen from the statutes, is granted complete jurisdiction over the assets. It directs the management, control, and operation of the property. It settles the. rights of creditors, shareholders, and other parties; allows and fixes the amount of claims; and directs distribution of money and the management and liquidation of the assets. This express power to liquidate, obviously, includes the power to sell.

The superior court of Indiana is a court of general and unlimited jurisdiction in matters of law and equity and as such has the power to grant all the appropriate relief that a court of equity may grant to any litigant. To permit other courts of concurrent jurisdiction to interfere with the custody and possession of the assets under its control some two years after its jurisdiction has attached is to violate the principles announced by the Supreme Court in the case cited. Possession of the res disables the federal court from seizing it, for the property is withdrawn from the jurisdiction of all other courts. Farmers' Loan & Trust Company v. Lake Street Elevated Railroad Company et al., 177 U.S. 51, 20 S. Ct. 564, 44 L.Ed. 667; United States of America v. Bank of New York & Trust Company, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331; People's Trust Company v. United States (C.C.A.) 23 F.(2d) 381; Woolsey et al. v. Security Trust Co., 74 F. (2d) 334, 97 A.L.R. 1081 (C.C.A.5); Insurance Finance Corporation v. Phoenix Securities Corporation (D.C.) 42 F.(2d) 933; Wabash R. Co. v. Adelbert College, 208 U.S. 609, 28 S.Ct. 425, 52 L.Ed. 642.

The facts distinguish quite clearly the case before us and those by which it is governed from General Baking Co. v. Harr, Secretary of Banking of Pennsylvania, et al., 300 U.S. 433, 57 S.Ct. 540, 81 L.Ed. 730; Commonwealth Trust Company of Pittsburgh et al. v. Bradford, Receiver, 297 U.

S. 613, 56 S.Ct. 600, 80 L.Ed. 920, where the jurisdiction sustained was one in personam and not in rem. In the case last cited the court commented that the proceeding did not seek to interfere with the property and take it from the state court but merely to establish personal rights. Here the prayer of the bill and the decree of the District Court included a sale of the real estate by an officer of the federal court, thus effectively depriving the state court of the property of which it had custody.

Appellees contend, however, that inasmuch as they are nonresidents, they had the right under the federal laws to invoke federal jurisdiction because of diversity of citizenship and that the state statute may not deprive any litigant of his right to sue in a federal court. Admitting the soundness of the basic premise, appellants reply that, irrespective of the appellees' rights to maintain a suit for foreclosure in the federal court, they have waived that right by becoming participants in and beneficiaries of the state court proceeding, and they point to the facts related above, viz., that the trustees filed their claim in the state court asking that court to adjudge their trust deed a prior lien, to allow their claim as a general claim against the estate, and to segregate the rents and profits and have the same paid to the trustees under their lien. This pleading was in legal effect equivalent to a suit for foreclosure except that no sale was prayed. The trustees asked the state court, just as they asked the federal court, to adjudge their lien prior upon both property and rents and to fix the amount due thereunder. These actions bring it within the language of Pufahl v. Estate of Parks, 299 U.S. 217, 226, 57 S.Ct. 151, 156, 81 L.Ed. 133. There the court said: "Where, as here, a res has come into the possession and under the control of a state court, one having a right to go into the federal court, either by reason of diversity of citizenship, or because he is a federal officer, cannot obtain a judgment or decree entitling him to interfere with the administration of the res by the court having its possession. While he may not be denied his right to prosecute an action to judgment or a suit to final decree in the federal court, such judgment or decree can do no more than adjudicate the validity and amount of his claim. The marshalling of that claim with others, its priority, if any, in distribution, and all similar questions, are for the probate court upon presentation to it of the judgment or decree of the federal court. Thus, though

644

a receiver should resort to the United States District Court he would need to present, in a probate court, any judgment obtained, if he desired payment from the assets under the control of the latter." And the court proceeded to point out that, if a party elects to proceed in the state court, he is bound thereby, saying: "The receiver may, as petitioner elected to do, prosecute his claim in a state court. If he does, at least in the absence of congressional declaration to the contrary, the litigation will be governed by the common and statutory law of the state. * * *

"The petitioner, having elected to prove his claim in the appropriate state court, is bound by the laws of Illinois as to the enforcement of such claims." See, also, Reconstruction Finance Corporation v. Zimmerman et al., 76 F.(2d)`313 (C.C.A.4).

■ Appellees contend that if the Indiana act, passed after the execution of the mortgages, is to be given the effect of placing exclusive jurisdiction in the state court and thus depriving them of their remedy by way of foreclosure, it is an unconstitutional deprivation of a property right. The contention is well answered by the Supreme Court in Gibbes v. Zimmerman, 290 U.S. 326, 54 S.Ct. 140, 142, 78 L.Ed. 342, where the court said: "The appellant says the Act of March 9 arbitrarily deprives him of a remedy for the enforcement of stockholders' liability, which remedy was his property, and was taken from him without due process. But although a vested cause of action is property and is protected from arbitrary interference (Pritchard v. Norton, 106 U.S. 124, 132, 1 S.Ct. 102, 27 L.Ed. 104), the appellant has no property, in the constitutional sense, in any particular form of remedy; all that he is guaranteed by the Fourteenth Amendment is the preservation of his substantial right to redress by some effective procedure."

We conclude that at the time of the commencement of appellees' bill the assets of the bank had been segregated in a proceedings in rem in the superior court of Indiana; that appellees recognized the jurisdiction of that court and are now estopped to assert their right to sue in the federal court; that this jurisdiction thus recognized is an exclusive one in rem; that appellees' remedy must be sought in the state court, and that the bill in the District Court should have been dismissed for want of jurisdiction.

The decree is reversed, with directions to proceed in accordance with this opinion.