**DEMPSEY v. PINK, Superintendent of Insurance of New York.**

**No. 67.**

Circuit Court of Appeals, Second Circuit.

Nov. 8, 1937.

Lee, Bond, Swan & Donoghue, of New York City, and S. Wallace Dempsey, of Washington, D. C., in pro. per., for appellant.

Edward F. Keenan, of New York City (J. Paul Brennan and J. Francis Lynch, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The appellant, S. Wallace Dempsey, filed a complaint against the New York Superintendent of Insurance, who was in possession of and liquidating the National Surety Company, a New York corporation, pursuant to article 11 (§ 400 et seq.) of the State Insurance Law (Consol.Laws N.Y. c. 28). He asked to have it determined that he had liens for legal services upon the funds of the company in the hands of the superintendent, or was entitled to preferential payment therefrom in the sum of $25,000 and interest, and in the sum of $11,087.27 and interest, and he prayed for such other and further relief as might seem just and equitable. The first claim of $25,000 and interest is alleged to have been fixed at $25,000 by agreement with the defendant. The second is alleged to amount to $12,562.30, on which $1,500 was paid by the latter. Each claim was for services in defending the surety company from liability upon bonds it had furnished. Before any answer to the bill of complaint was filed, the complainant moved in the suit by order to show cause for an order impressing equitable liens upon moneys in the hands of the superintendent of insurance. The latter filed an affidavit by his assistant special deputy superintendent in which he denied many of the allegations of the bill and set up various affirmative defenses. The court below denied the motion on the ground that the funds on which the liens were sought to be established were in the hands of the state court and that any right the complainant might have to a lien or to receive preferential payment should be asserted in that court. We think it clear that complainant was entitled to a declaratory judgment as to his rights in the fund. Such a determination would not interfere with the possession of the state court as did the proceedings attempted in Tolfree v. New York Title & Mortgage Co. (C.C.A.) 72 F.(2d) 702, and United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331. In Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L. Ed. 920, and General Baking Co. v. Harr, 300 U.S. 433, 57 S.Ct. 540, 81 L.Ed. 730, the Supreme Court recently held that suits like

the present were not in rem because they did not interfere with the possession or control of the state courts, and that District Courts of the United States ought to entertain them in order to determine questions preceding distribution of assets in the hands of state liquidating officers. Indeed, prior to those decisions it had been held in Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669, that an action in a state court brought in personam to recover a judgment upon an indebtedness ought not to be stayed by a federal court at the instance of the equity receiver of the debtor. See Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. Because of the foregoing decisions the court below erred in declining jurisdiction. It is, however, quite another matter to adopt the view of the complainant that he has shown himself presently entitled to a declaratory judgment imposing liens upon or preferential payments from the funds in the hands of the superintendent of insurance. Not only is there no such practice in the United States courts as a summary proceeding for judgment in suits in equity, but even under the New York Rules of Civil Practice, which in the federal courts only apply in actions at law, a motion by a plaintiff for summary judgment cannot be entertained prior to service of answer. Rule 113. In the case at bar the motion was made prior to answer.

More, however, than a technicality stands in the way of granting the relief asked for. The affidavit or answer of the superintendent of insurance interposed denials to the allegations of the complaint and also set up as an affirmative defense to the claim for $12,562.30 that the $1,500 paid in respect thereto was not a mere payment on account but constituted an accord and satisfaction of the entire amount of $12,-562.30. Although on the face of the papers it seems difficult to see how there can be any right to equitable liens (Ingersoll v. Coram, 211 U.S. 335, 368, 29 S.Ct. 92, 53 L.Ed. 208; James v. Alderton Dock Yards, 256 N.Y. 298, 303, 176 N.E. 401), or, except as to any services performed for the superintendent after he took over the National Surety Company, even to a preferential payment, we think that, irrespective of the question of liens or preferences, the complainant is entitled to have the amount of his claims adjudicated in the present suit, but only in the ordinary way and not by summary decree.

There seems to be no dispute as to the amount of the claim for $25,000, but there is every dispute as to the basis for any lien. In respect to the claim for $11,062.50, there is a dispute both as to the alleged lien and as to the amount of the claim as well. The facts should be brought before the court and not determined in affidavits. The decree denying the motion for judgment is accordingly affirmed, but not for the reasons given by the court below, viz., because jurisdiction should not be entertained and the decision should be left to the state court, but because the complainant should proceed to trial and not resort to a motion for summary judgment.

The order so far as it denies summary judgment is affirmed, but with directions to the court to entertain jurisdiction of the suit.