## DIXON v. CLEVELAND.
### No. 57.
District Court, W. D. South Carolina.
March 18, 1940.

Donald Russell, of Spartanburg, S. C., for plaintiff.

George S. DePass, of Spartanburg, S. C., for defendant.

WYCHE, District Judge.

By this action, filed under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, the plaintiff seeks to establish his title and transferable interest in and to certain corporate stock, freed of any claim of lien over or interest in same on the part of the defendant. Plaintiff brings the suit in his capacity as an officer of the United States, charged with the liquidation and winding up of the First National Bank of Spartanburg, South Carolina, against the defendant Chevillette Cochran Cleveland as executrix of the Estate of Arthur F. Cleveland, deceased, and the subject matter of the controversy is forty-nine shares of the Mechanics Building and Loan Association, registered on the books of the association in the name of W. B. Harrison, title to which is set up by the plaintiff and the sale of which, free of any claim by the said defendant, is sought by the plaintiff incident to the winding up of a national banking association. There is no dispute about the facts.

The basis of plaintiff's claim to the shares, arises out of a collateral note originally executed by W. B. Harrison to the First National Bank on November 27, 1931, in the principal amount of $1,375 to secure which note W. B. Harrison, after endorsing the certificate evidencing the ownership of the stock in blank and delivering same to the First National Bank, pledged the forty-nine shares of stock in the Association to the First National Bank. W. B. Harrison several times renewed the original note and debt, pledging as collateral to each renewal the stock and the note and debt was at the suspension of the bank represented by a note executed by W. B. Harrison in favor of the bank in the principal amount of $1,350, dated May 24, 1932, and secured by a pledge of the stock. The certificates evidencing the stock so

pledged, though endorsed in blank by W. B. Harrison, were not transferred on the books of the association to the name of the bank. With the suspension of the bank on or before June 26, 1932, the ownership of the note, for the payment of which the stock was pledged, passed to and has remained since in the receiver of the bank. On May 22, 1937, in a compromise settlement had between W. B. Harrison and the receiver of the bank, as approved under order of Honorable T. S. Sease, Circuit Judge, in the Court of Common Pleas of Spartanburg County, South Carolina, W. B. Harrison released forever to the receivership of the bank any right to redeem the stock already delivered to the bank and held by it as collateral under the aforesaid pledge agreement. It is the position of the plaintiff that he is the owner of the interest of the association evidenced by the stock and entitled to all rights as such owner and that the asserted lien of the defendant does not exist.

The asserted lien of the defendant over the stock arises out of a loan in the original amount of $4,000 made by the defendant's testator to W. B. Harrison in 1924, upon the security represented by a real estate mortgage in and over two lots located in the so-called Garlington Estates just without the City of Spartanburg. On August 15, 1938, the defendant served on W. B. Harrison summons and complaint in a certain action commenced in the Court of Common Pleas of Spartanburg County, though such summons and complaint was not filed until February 17, 1939, in the office of the Clerk of said Court. Decree of foreclosure was entered in such action on February 16, 1939, and by such decree the defendant, after being awarded judgment for about $6,000 against W. B. Harrison, was given leave to sell the mortgaged premises upon which a substantial and valuable home was located. The defendant bought in the mortgaged premises for $50 and is now in possession thereof. After the entry of the said decree, the defendant prepared and delivered to the Sheriff of Spartanburg County on March 22, 1939, a general execution against W. B. Harrison and his properties subject to execution. Without purporting to set aside to the judgment debtor a homestead, the Sheriff delivered on March 23, 1939, to J. C. Grier a copy of the execution, and wrote across the back of it the words: "Served copy of Execution on Jim Grier March 23, 1939." No further acts were taken by the defendant, who asserts that by reason of the foregoing facts she acquired a lien in and over all stock registered in the name of W. B. Harrison on the books of the Association.

The Mechanics Building and Loan Association is a building and loan association duly chartered as such with its principal place of business in the City of Spartanburg. After many years of operations, it was placed in voluntary liquidation by appropriate resolution of its stockholders on May 5, 1935. On April 23, 1938, an action was commenced in the Court of Common Pleas for said Spartanburg County for the appointment of a receiver for said association and by order dated June 4, 1938, J. C. Grier and A. C. Willard were appointed receivers of the association and were directed to liquidate, under orders of said Court, such association.

The plaintiff has sold the stock in the association and has delivered the same to the receivers of such association to make appropriate transfer of the interest thereby evidenced to the purchaser but the receivers have refused to take any action because of the action of the defendant, who, in turn, has through her counsel, advised the receivers of the association not to recognize any interest of the plaintiff in the distributable share allocable to W. B. Harrison in the liquidation of the association as represented by any certificates of stock pledged by W. B. Harrison to the bank.

The defendant first contends that this Court has no jurisdiction to entertain the proceeding, and asserts that the Mechanics Building and Loan Association (by which Association the subject matter of this controversy was issued in the form of corporate stock) is now in receivership under orders of the Court of Common Pleas of Spartanburg County, South Carolina, and that any dispute over the ownership of stock in such Association must be litigated in such receivership action. Comity does not, however, invest one Court with priority over another save in those exceptional cases in rem or quasi in rem, so that the Court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought, and specifically will comity not deny the exercise of jurisdiction by a federal court, even though another action is already pending in the state court, when

the plaintiff "seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court." Princess Lida v. Thompson, 1939, 305 U.S. 456, 59 S.Ct. 275, 281, 83 L.Ed. 285, 292. The administration of properties through a receivership proceeding in one court does not render another court powerless to adjudicate issues not necessarily interfering with the former court's possession of the receivership res, for, to employ the language of the Court in United States v. Klein, 1938, 303 U.S. 276, 281, 58 S.Ct. 536, 538, 82 L.Ed. 840: "While a federal court which has taken possession of property in the exercise of the judicial power conferred upon it by the Constitution and laws of the United States is said to acquire exclusive jurisdiction, the jurisdiction is exclusive only in so far as restriction of the power of other courts is necessary for the federal court's appropriate control and disposition of the property. Penn General Casualty Co. v. Pennsylvania ex rel. Schnader, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; see Leadville Coal Co. v. McCreery, 141 U.S. 475, 477, 12 S.Ct. 28, 35 L.Ed. 824. Other courts having jurisdiction to adjudicate rights in the property do not, because the property is possessed by a federal court, lose power to render any judgment not in conflict with that court's authority to decide questions within its jurisdiction and to make effective such decisions by its control of the property. Penn General Casualty Co. v. Pennsylvania ex rel. Schnader, supra; see Heidritter v. Elizabeth Oil-Cloth Co., 112 U.S. 294, 304, 5 S.Ct. 135, 28 L.Ed. 729; cf. Buck v. Colbath, 3 Wall. 334, 342 [343], 18 L.Ed. 257; Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669. Similarly a federal court may make a like adjudication with respect to property in the possession of a state court."

Dempsey v. Pink, 2 Cir., 1937, 92 F.2d 572, certiorari denied, 1938, 303 U.S. 648, 58 S.Ct. 747, 82 L.Ed. 1109, is conclusive against this contention of the defendant. In that case, the affairs and properties of the National Surety Company were taken over by the courts of New York through a proceeding in the nature of a receivership action, in connection with which the state superintendent of insurance became, for practical purposes, receiver of the company. Cf. Tolfree v. New York Title & Mortgage Co., 2 Cir., 1934, 72 F.2d 702, 704, certiorari denied, 1934, 293 U.S. 619, 55 S.Ct. 216, 79 L.Ed. 707. The plaintiff filed in the federal court a suit for declaratory judgment against the superintendent of insurance for the purpose of impressing a trust by way of an attorney's lien upon the assets of the company. The District Court dismissed the suit on the ground that the federal court must on grounds of comity refuse to entertain the suit. In reversing the lower Court, Judge Augustus Hand summarized the Court's conclusions with these words (pages 572, 573 of 92 F.2d): "We think it clear that complainant was entitled to a declaratory judgment as to his rights in the fund. Such a determination would not interfere with the possession of the state court as did the proceedings attempted in Tolfree v. New York Title & Mortgage Co. (C.C.A.) 72 F.2d 702, and United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331. In Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920, and General Banking Co. v. Harr, 300 U.S. 433, 57 S.Ct. 540, 81 L.Ed. 730, the Supreme Court recently held that suits like the present were not in rem because they did not interfere with the possession or control of the state courts, and that District Courts of the United States ought to entertain them in order to determine questions preceding distribution of assets in the hands of state liquidating officers."

See, also Commonwealth Trust Co. v. Bradford, 1936, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920, and General Banking Co. v. Harr, 1937, 300 U.S. 433, 57 S.Ct. 540, 81 L.Ed. 730.

■ Measured by the principles enunciated in the foregoing authorities the instant action is not barred by any doctrine of comity. This proceeding does not seek to displace the state court in its custody of the Association's properties under the prior receivership suit or to interfere with that court's possession of such properties. Its object is simply the determination of conflicting claims between the plaintiff and defendant as to a right to share in such distribution as may be made by the state court in its receivership action. The plaintiff in this action proceeds no further than Mr. Justice Roberts so clearly says he may in the Princess Lida case, supra, and "seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court."

■ The defendant, also, urges that jurisdiction to entertain this proceeding is defeated by the existence of another adequate remedy afforded through the filing of a claim in the state court receivership action. In disposing of a similar contention in a recent case, Judge Soper said: "It is no answer to a suit for a declaratory judgment that the plaintiff may have an adequate remedy elsewhere or that he seeks to establish a defense to a pending claim rather than affirmative relief." Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 1938, 99 F.2d 665, 669. Indeed, Rule 57 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, expressly provides that, "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." See, also, Stephenson v. Equitable Life Assur. Society, 4 Cir., 1937, 92 F.2d 406, 408, 409; Anderson v. Ætna Life Ins. Co., 4 Cir., 1937, 89 F.2d 345, 348; Farm Bureau Mutual Automobile Ins. Co. v. Daniel, 4 Cir., 1937, 92 F.2d 838, 839.

■ Finally, the defendant contends that plaintiff is not the real party in interest and since federal jurisdiction exists only because of plaintiff's official character (28 U.S.C.A. § 41, subd. 16), this Court should dismiss the action for want of jurisdiction. This argument rests upon the admitted fact that the plaintiff has executed a contract of sale of the stock in question to another. The fallacy in the argument, however, lies in the fact that the plaintiff is in no position to complete his part of the contract of sale or to transfer title to the purchaser until he makes a proper tender of the stock sold in "a deliverable state." In 15 Corpus Juris, 701, 702, it is stated: "A proper and timely tender of the stock is necessary in order to pass title to the buyer under an executory contract of sale * * * It has been held that a tender is not sufficient * * * where the stock has been attached." In this case, the defendant asserts a lien over the stock sold by the plaintiff and by her action prevents the plaintiff from transferring the stock so sold to his purchaser by way of consummating the contract of sale. Assuredly, plaintiff still has such title to and interest in said stock to support an action by him to remove such lien and to enable him to make proper transfer. Until that lien is removed, plaintiff cannot transfer title to his purchaser; as long as plaintiff has such title, he may maintain an action to protect that title.

■ Turning to the merits, it seems clear that plaintiff is entitled to the relief sought. The defendant never acquired any lien over the corporate stock in question by her putative levy thereupon under an execution. Shares of stock in a corporation are never subject to levy and sale on execution in the absence of a statute expressly providing therefor. 21 Am.Jur., 204; Lambert v. Huff, A. & T. Co., 1918, 82 W.Va. 362, 95 S.E. 1031, 1 A.L.R. 650. Nor is there any statute of this state which would authorize such levy and sale. McManus v. Bank of Greenwood, 1933, 171 S.C. 84, 171 S.E. 473. Further, even were the levy valid, the lien thereby would long since have expired since such lien is only good "for the period of four months from the date of such levy". Section 744, Code of Civil Procedure of South Carolina (1932).

■ Since the corporate stock in question is not subject to valid levy under execution, it is of no moment that plaintiff did not transfer such stock to his name. The requirement of the by-laws of the association that transfers of its stock must be entered on its records is only designed to protect the Association against loss for action taken in good faith in reliance on the evidence of ownership reflected by its own stock books and will not be given greater effect. ·Speaking of such a provision, the Court said in Morrill v. Little Falls Mfg. Co., 1893, 53 Minn. 371, 55 N.W. 547, 550, 21 L.R.A. 174: "This provision is for the protection and benefit of the corporation, so that it may know with whom to deal as stockholders, and who have a right to vote as such." Again, in Eubank v. Bryan County State Bank, 8 Cir., 1914, 216 F. 833, 839, the Court said that such a provision "is for the protection of parties dealing with the bank and * * * to know who are its stockholders entitled to vote at its meetings and to receive dividends when declared; in other words, it is intended to prescribe a method of transfer which shall be deemed effectual in all matters relating to the internal government and management of the corporation, rather than to prescribe a method of transfer which is to be observed between a stockholder and third parties." Moreover, the Association is in receivership. Probably, the proper way for plaintiff to protect its interests is, not by transfer of its stock,

but by proof of its claim with the receivers of the Association. Plaintiff so filed his proof of claim and none challenged his rights.

As stated, I am of opinion that plaintiff has established his title to and ownership in and over the stock in the Mechanics Building & Loan Association described in the complaint herein, that the defendant has no lien over or interest in such stock and that the plaintiff is entitled to transfer, assign and set over such stock to any purchaser from him, and it has been so ordered.