WILHOIT v. FEDERAL DEPOSIT INS.
CORPORATION.

No. 9544.

Circuit Court of Appeals, Sixth Circuit.

Nov. 29, 1943.

Jesse K. Lewis, of Frankfort, Ky. (Hubert Meredith and Jesse K. Lewis, both of Frankfort, Ky., on the brief), for appellant.

Gavin H. Cochran, of Louisville, Ky., and James M. Kane, of Chicago, Ill. (Peter, Heyburn & Marshall and Gavin H. Cochran, all of Louisville, Ky., and Francis C. Brown, of Washington, D.C., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The principal question involved in this appeal is whether under Title 12, U.S.C. § 264, 12 U.S.C.A. § 264, the Federal Deposit Insurance Corporation (hereinafter called the Corporation) is entitled to receive interest for payments made by it to the depositors in an insured state bank. The action was for declaratory judgment, and the District Court held that it was the duty of appellant, the Director of Banking of the Commonwealth of Kentucky in charge of the liquidation of the Ghent Deposit Bank of Carroll County, Kentucky, after payment of expenses of administration and liquidation, if any, to pay interest at the rate of six per cent per annum on the claims of creditors allowed against the bank, and to pay the Corporation its pro rata portion of such interest.

The facts as stipulated and embodied in the findings of fact of the District Court are in substance as follows:

The Federal Deposit Insurance Corporation, created under an Act of Congress, Title 12 U.S.C. § 264, 12 U.S.C.A. § 264, and having its principal place of business in Washington, D. C., instituted this action against the appellant, seeking to have its right to interest upon insured claims, which it had theretofore paid to depositors of the Ghent Deposit Bank, determined by the District Court. The Ghent Deposit Bank had become insolvent and suspended business on or about June 26, 1937, and under the provisions of Sections 287.560-287.610 inclusive, of the Kentucky Revised Statutes, was taken over for liquidation by the appellant. The Corporation paid the claims of the depositors and received from each owner of the insured deposit a written assignment of his claim against the bank, which in its material portions reads as follows: "For the purpose of subrogating the Federal Deposit Insurance Corporation to all of claimant's rights against said closed insured bank arising out of the insured deposit in the amount shown above, to the extent of the amount paid the receipt thereof is hereby acknowledged, claimant hereby assigns, transfers, and sets over unto said Corporation all claims against said closed insured bank and its stockholders arising out of said insured deposit, together with

all evidences of such indebtedness held by claimant."

The aggregate amount of the insured deposits paid by the Corporation totals $174,-104.58, and the Corporation filed its several claims against the bank for this sum. All claims were approved and subsequently paid in full as to the principal amount. The Corporation then filed a claim for interest in the sum of $16,128.02, which was disallowed by the appellant and the present action was instituted. The District Court entered judgment in favor of the Corporation.

When the case was heard before the District Court a similar case was pending in the Circuit Court of Carter County, Kentucky, against the Carter County Commercial Bank of Olive Hill, Kentucky, in which the Corporation sought a judgment for interest upon the payment of insured deposits. The Circuit Court of Carter County denied recovery. Subsequent to the judgment of the District Court in the instant case, the Kentucky Court of Appeals affirmed the decision of the Circuit Court of Carter County, Kentucky, in the case of Federal Deposit Insurance Corporation v. Wilhoit, Director of Banking, decided June 18, 1943.[1] The Court of Appeals of Kentucky recognized that in Kentucky demand depositors are entitled to interest from the time the bank suspends business, citing Dorman v. Adams, 247 Ky. 678, 57 S.W.2d 534; but it held that the equitable right of subrogation did not entitle the Corporation to interest when the federal statute did not require it to pay interest to the depositors.

Appellant's principal contentions are that the judgment of the District Court is erroneous (1) because it has no jurisdiction of the action, and (2) because the federal statute does not authorize the payment of interest and its allowance is contrary to the decision of the state courts of Kentucky.

■ We think that the District Court correctly decided that it had jurisdiction of the action. Title 28 U.S.C. § 41(1) (a), 28 U.S.C.A. § 41(1) (a); Title 12, U.S.C. § 264(j) (4th), 12 U.S.C.A. § 264(j), par. 4. The complaint sets forth an action for declaratory relief only. It asks that the court determine that it is the duty of the appellant to apply all remaining net proceeds of liquidation to the payment of interest on the claims of creditors, allowing to the Corporation its pro rata portion thereof, and that it is entitled to a claim against such proceeds to the amount of its costs and disbursements.

■ We recognize that the well-established principle that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of another court is not restricted to cases of the seizure of property under judicial process, but applies to suits to marshal assets, liquidate estates, or administer trusts. United States v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331. But the first prerequisite for the application of this principle, namely that the proceedings be in rem, is not here present. The Corporation does not ask for possession or control of the assets, but only that its right to share in the fund be determined. Proceedings to determine the validity of such claims or the quantum of a claimant's interest in such a fund are not proceedings in rem. Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 618, 56 S.Ct. 600, 80 L.Ed. 920; General Baking Co. v. Harr, 300 U.S. 433, 434, 57 S.Ct. 540, 81 L.Ed. 730. Cf. United States v. Bank of New York & Trust Co., supra, 296 U.S. 478, 56 S.Ct. 343, 80 L.Ed. 331. The principles of comity do not require that the District Court renounce jurisdiction in favor of the state court where the action is in personam. Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Dempsey v. Pink, 2 Cir., 92 F.2d 572, certiorari denied, 303 U.S. 648, 58 S. Ct. 747, 82 L.Ed. 1109.

The question whether the District Court was correct in determining that the Corporation is entitled to interest involves a construction of the material sections of the federal statute, which read as follows:

Section 264(*l*) (6): "Whenever an insured bank shall have been closed on account of inability to meet the demands of its depositors, payment of the insured deposits in such bank shall be made by the Corporation as soon as possible, subject to the provisions of paragraph (7) of this subsection, either (A) by making available to each de-

___

[1] In Federal Deposit Ins. Corp. v. Wilhoit, Director of Banking, 297 Ky. 339, 180 S.W.2d 72, the Kentucky Court of Appeals upon December 17, 1943, reversed its opinion announced June 18, 1943, which is discussed herein. The Kentucky Court of Appeals in the subsequent decision rendered a judgment in accord with our conclusions herein.

positor a transferred deposit in a new bank in the same community or in another insured bank in an amount equal to the insured deposit of such depositor and subject to withdrawal on demand, or (B) in such other manner as the board of directors may prescribe * * *."

Section 264(*l*) (7): "In the case of a closed national bank or District bank, the Corporation, upon the payment of any depositor as provided in paragraph (6) of this subsection, shall be subrogated to all rights of the depositor against the closed bank to the extent of such payment. In the case of any other closed insured bank, the Corporation shall not make any payment to any depositor until the right of the Corporation to be subrogated to the rights of such depositor on the same basis as provided in the case of a closed national bank under this section shall have been recognized either by express provision of State law, by allowance of claims by the authority having supervision of such bank, by assignment of claims by depositors, or by any other effective method. In the case of any closed insured bank, such subrogation shall include the right on the part of the Corporation to receive the same dividends from the proceeds of the assets of such closed bank and recoveries on account of stockholders' liability as would have been payable to the depositor on a claim for the insured deposit, but such depositor shall retain his claim for any uninsured portion of his deposit: Provided, That the rights of depositors and other creditors of any State bank shall be determined in accordance with the applicable provisions of State law." .

In compliance with § 264(*l*) (7), the legislature of Kentucky passed an act effective May 31, 1938, which provides: "Whenever any banking institution which is a member of, or whose deposits are insured by, the Federal Deposit Insurance Corporation, shall have been closed and said Federal Deposit Insurance Corporation shall pay or make available for payment the insured deposit liabilities of such closed institution, said Corporation shall be and become subrogated by operation of law to all rights against such closed banking institution of each owner of a claim for deposit to the extent of such payment." Carroll's Kentucky Statutes Supplement 1938, § 584b.

The effective date of the Act was subsequent to the payment of $171,774.55 to the depositors by the Corporation, but possibly prior to the payment of two sums aggregating $2,330.03, for which claim was made to the appellant in 1939 and allowed. The decision of the Kentucky Court of Appeals denying interest to the Corporation in the Carter County case, supra, turns upon the view there expressed as to the scope of the doctrine of subrogation and may thus be construed as applying the Kentucky subrogation statute above quoted, as well as the federal provision. The appellant therefore contends that we are bound by the decision of the state court under the principle of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487, and must reverse the judgment of the District Court. Clearly the rule has no application with reference to allowance of interest upon the payment of $171,774.55, . for it was made before the statute took effect, and the interest was correctly allowed under the broad terms of the assignments. It does not appear whether the smaller payments were made before or after the effective date of the Kentucky statute, although in each case the claim was subsequent thereto and the inference is that the payments also were subsequent. We assume, therefore, that the question of the controlling effect of the state court decision is presented.

If this record embodied the simple situation of a state court interpreting a state statute covering a field in which the State is sovereign, we should follow the decision of the Kentucky court, under rules established long prior to the decision in Erie R. Co. v. Tompkins, supra. Bloomfield Village Drain Dist. v. Keefe, 6 Cir., 119 F.2d 157, 164. But this particular state statute was written in compliance with the mandate of Title 12 § 264(*l*) (7) that in the case of an insured state bank closed because of insolvency "the Corporation shall not make any payment to any depositor" until its right of subrogation "on the same basis as provided in the case of a closed national bank under this section shall have been recognized either by express provision of State law" or by other specified methods. The basis provided in the section in the case of a closed national bank is that the Corporation upon payment to any depositor shall be subrogated to "all rights of the depositor against the closed bank to the extent of such payment," and the rights of such depositors are to be de-

termined "in accordance with the applicable provisions of State law." The Kentucky subrogation statute must therefore be read in conformity with the federal statute.

Since § 264(*l*) (7) extends the right of subrogation to the Corporation after the payment of insured claims, "to the extent of such payment," appellant contends that the federal statute by necessary implication precludes the allowance of interest. On the contrary, we think that this phrase is to be interpreted as meaning "as to the portion of the deposit paid", Federal Deposit Insurance Corp. v. Citizens State Bank of Niangua, 8 Cir., 130 F.2d 102, 103, and not as excluding the relief sought. Such a construction is reasonable and logical. The Corporation in many instances will pay only a portion of the deposit, and in turn is subrogated to the rights of the depositor only to the extent of payment, that is, only with reference to that portion of the deposit which it has paid. This conclusion is emphasized by the fact that the section gives the Corporation the right to receive the "same dividends" as would have been payable to the depositor. The word "dividend" clearly does not exclude interest due. It is true that the section neither expressly prohibits nor expressly allows interest to the Corporation, but the concluding provision that the rights of the depositor are to be governed by state law, so far as this case goes, embodies an allowance of interest, for in Kentucky a depositor in an insolvent bank is entitled to interest on his deposit at the rate of six per cent per annum from the day on which the bank suspends business until the deposit is paid. Dorman v. Adams, supra.

Appellant contends that this construction is clearly erroneous upon the ground that the rights not only of depositors, but of "other creditors" are to be determined according to state law. He argues that the Corporation is one of the "other creditors" and that under the applicable state law, that is under the decision of the Kentucky Court of Appeals, its rights against the bank do not include the allowance of interest. We think this is a strained construction of the statute. The various sections repeatedly and specifically refer to the Federal Deposit Insurance Corporation by name in defining its obligations and rights. In any case, since the right of the Corporation is defined expressly in terms of the depositors' rights, we look to the character and extent of those rights as established in the law of Kentucky, Dorman v. Adams, supra, and to that alone. Since the Kentucky statute provides for subrogation under the mandate of and in accordance with the federal statute, we think that the applicable terms of § 264(*l*) (7) are written into the state enactment and that this court is not bound by the judgment of the state courts interpreting the federal statute nor construing the state statute in such manner as to conflict with the plain meaning of the federal provision. Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 176, 63 S.Ct. 172, 87 L.Ed. ——; Johnson v. United States, 10 Cir., 64 F.2d 674, 677, certiorari denied, 290 U.S. 651, 54 S.Ct. 68, 78 L.Ed. 565.

It is suggested that since the Corporation is paid premiums as compensation for its service the allowance of interest on the depositors' claims gives it a double compensation which cannot have been intended by the Congress. On the contrary, the fact that the penalties provided for in Title 12, § 264(v) (2) and (v) (8) are to be paid to the Corporation for its use supports the view that the Congress desired to establish strong financial support for the work of the Corporation. No legislative history is cited to the effect that the Congress desired to eliminate any allowance of interest. Finally, the express provision that the depositors' rights should be governed by the applicable state law necessarily results in this case in such an allowance.

The judgment is affirmed.