Alexander COCHRANE, Mary McKay Cochrane, Ramelle Cochrane Adams and Francis Douglas Cochrane; and James Garfield, Francis Calley Gray and Franklin Dexter, as Executors and Trustees under the Will of Donald McKay Frost, Plaintiffs,

v.

B. Allston MOORE and George L. Buist, as Executors of the Estate of Alice Rutledge Frost, Defendants.

Civ. A. No. 6805.

United States District Court
E. D. South Carolina,
Charleston Division.

Nov. 14, 1958.

.377

Alice R. Frost died on April 17, 1958, leaving a Will whereby she appointed the defendants as Executors of her estate. The Will was duly probated in the Probate Court for Charleston County and the defendants have qualified and are now acting as the Executors under the Will.

At the time of the death of Alice R. Frost there was registered in her name Lock Box No. 121 in The South Carolina National Bank. The contents of the lock box consist of various securities, lists of securities, reinvestment receipts and correspondence, including, among other things, original counterparts of agreements between Edwin P. Frost and Alice R. Frost, creating an interest for life in Alice R. Frost in certain securities and a conformed copy of an acceptance and approval of account of property held by Alice R. Frost for life for the period beginning July 18, 1919, and ending June 25, 1956, which was signed by, among others, Alice R. Frost, Donald McKay Frost and the Cochrane plaintiffs herein. The plaintiffs claim that Alice R. Frost had only a life interest in the contents of the lock box and that upon her death all property rights thereto vested in the plaintiffs as remaindermen, in accordance with the terms of the agreements between Edwin P. Frost and Alice R. Frost and the above mentioned acceptance and approval of account. The defendants admit that a substantial portion of the securities contained in the said lock box are the property of the plaintiffs as remaindermen under the said agreements but claim that the estate of Alice R. Frost has an interest in some portions of the securities.

This Court has jurisdiction of the controversy by reason of the diversity of citizenship of the opposing parties in connection with the determination of property rights and interests valued in excess of $10,000. All of the parties claiming an interest in the contents of the lock box are before this Court and their respective property rights can be determined in this cause. The plaintiffs are not parties to the proceedings in the

Charles W. Waring, Mitchell & Horlbeck, Charleston, S. C., for plaintiffs.

Buist & Buist, Moore & Mouzon, Charleston, S. C., for defendants.

WYCHE, District Judge. (sitting by designation).

This matter comes before me upon motion to vacate the temporary restraining order heretofore granted in the above entitled cause. The merits of the controversy are not before me at this time and the facts now recited appear from the pleadings filed in this cause.

Probate Court for Charleston County relating to the administration of the estate of Alice R. Frost.

The issue now before me relates only to the handling of the contents of the lock box, pending the determination in this action of the rights and interests of the opposing parties thereto. After hearing the attorneys for the parties, I have reached the conclusion that the contents of the lock box should be in the custody of the defendants until otherwise determined in this cause but should be preserved so that no party to this controversy will be harmed during the interim. See, Dixon v. Cleveland, D.C., 31 F.Supp. 1010.

It Is, Therefore, Ordered, That the temporary restraining order heretofore entered be and the same is hereby vacated; and

It Is Further Ordered, That, pending the determination in this case of the rights and interests of the opposing parties herein to the contents of Lock Box No. 121 in The South Carolina National Bank, the defendants shall have custody of the contents of the said lock box, but the defendants shall not remove from the said lock box any of the contents thereof, except as hereinafter provided, or dispose of any of the same, except that they may remove matured bond coupons for the purpose of cashing the same and such other contents of the said lock box as may be agreed upon by the attorneys for the plaintiffs and the defendants; and

It Is Further Ordered, That all sums heretofore or hereafter collected by the defendants which appertain to the securities contained in Lock Box No. 121 in The South Carolina National Bank, whether paid as dividends, upon bond coupons, by reason of the sale of stock rights, or otherwise, shall be held intact by the defendants and no part of the same shall be disbursed for any cause whatsoever, except by order in this cause or by agreement of the attorneys for the plaintiffs and the defendants; and

It Is Further Ordered, That the defendants may sell any rights, options to purchase, or warrants to subscribe, appertaining to any of the securities contained in Lock Box No. 121 in The South Carolina National Bank, or may exercise any of the same as may be agreed upon by the attorneys for the plaintiffs and the defendants, and the proceeds derived from any such sale shall be held by the defendants in the same manner as heretofore provided in regard to other sums collected by the defendants; and

It Is Further Ordered, That the defendants shall cause any new certificates of stock that may be issued as the result of exercise of rights, options, warrants, stock dividends, splits or otherwise, which appertain to securities contained in Lock Box No. 121 in The South Carolina National Bank, to be registered in the same name and manner as the securities to which they are appurtenant and shall hold such new certificates in the same manner as other securities now in the said lock box; and

It Is Further Ordered, That the plaintiffs or their attorneys shall have access to the said lock box for inspection of its contents at any time during normal business hours, provided that the defendants or their representative shall be present at all times during such inspection.

This Court approves the contemplated action by the defendants in appointing a bank as their custodian to take over the contents of the said Lock Box No. 121 and to re-inventory and appraise its contents. If and when such re-inventory and appraisal shall be made by such bank, the plaintiffs are entitled to discovery thereof, and to that end, the defendants are directed to file a true copy of such re-inventory and appraisal as a part of the record in this case. The defendants shall take proper steps to endeavor to secure delivery to the said bank of the dividend checks that have accumulated, and of all other assets that, although not now physically within the said Lock Box No. 121, are incidental to

those assets, and properly construed a part of the fund that is in dispute herein.

The defendants shall keep the fund that is the contents of Lock Box No. 121, and other assets incident thereto, entirely separate from the other assets of the estate of Alice R. Frost, and shall keep separate records with respect thereto.

The defendants shall give full information to the tax authorities with respect to the said fund to the extent required or appropriate by law. At the proper time the defendants shall file with the United States Director of Internal Revenue and the South Carolina Tax Commission fiduciary tax returns prepared under the direction of a tax accountant. The plaintiffs are entitled to discovery with respect to such tax returns and to that end copies of the said tax returns shall be filed as a part of the record in this case.

The plaintiffs shall be privileged to apply to this Court for an order directing the defendants to deliver to the plaintiffs out of the fund in the said lock box, securities to the value of $170,900, or such other value as the plaintiffs might show as the value on July 18, 1919, of the bonds that were put into the said lock box under the agreement of that date between Edwin P. Frost and Alice R. Frost.

The Executors shall not be paid any commissions on the portion of the fund in question that shall be paid over ultimately to the plaintiffs. The defendants shall be privileged to charge against the fund the expenses of having the same cared for and protected by a bank as above provided, and the expenses of making tax returns, and such other proper expenses incurred for the protection of the said fund as might be agreed to or approved by this Court.

It has been made to appear that financial accounts with respect to the fund that is the contents of Lock Box No. 121 have been kept over the years by, or under the direction of, Donald Mc-Kay Frost, now deceased. The defendants are entitled to discovery as to these bookkeeping records.

Any party to this action shall have the right hereafter to apply to this Court for any further orders or instructions.