# Goodwin, Appellant, v. Colwell.

*Trusts and trustees—Trust ex maleficio—Executor—Power of sale—Decedents' estates—Jurisdiction of equity—Jurisdiction of orphans' court—Real estate.*

Where an executrix with a discretionary power of sale under a will containing no trusts, sells real estate situated in the county of decedent's domicil, and wrongfully invests the proceeds thereof in her own name in real estate situated in another county, and thereafter leaves the state, the court of common pleas of the county wherein the purchased real estate is situated, has jurisdiction in equity to declare that the executrix holds such real estate as a trustee for the beneficiaries under the will.

Argued Nov. 2, 1905. Appeal, No. 174, Oct. T., 1905, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1904, No. 1697, dismissing bill in equity in case of F. O. Goodwin and Ethel Hunter v. Mary Jane Colwell, Executrix of Elizabeth McKinley, deceased, and Executrix of Mary McKinley, deceased, and Nancy Jane Colwell, alias Nancy J. Caldwell. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity to declare a trust in real estate.
Demurrer to bill.
The averments of the bill and grounds of demurrer are stated in the opinion of the Supreme Court.

*Error assigned* was decree sustaining the demurrer and dismissing the bill.

*M. J. Hosack,* with him *George M. Hosack, E. C. Higbee, W. H. Brown* and *Roger Knox,* for appellants.—The common pleas as a court of equity had jurisdiction: Shollenberger's App., 21 Pa. 337; Whiteside v. Whiteside, 20 Pa. 473; Black v. Black, 34 Pa. 354; Fidelity Ins. Trust & Safe Dep. Co.'s App., 99 Pa. 443; Burt v. Herron, 66 Pa. 400; Hall's App., 112 Pa. 42.

*Alvin C. Spindler,* with him *E. E. Kiernan,* for appellees, cited: Brown's App., 12 Pa. 333; Erie Dime Saving & Loan Co. v. Vincent, 105 Pa. 315; Engel's Est., 180 Pa. 215; Wapples's App., 74 Pa. 100.

OPINION BY MR. JUSTICE POTTER, February 5, 1906:

It appears from the averments of the bill in equity here filed, that Mary Jane Colwell, one of the defendants, acting under powers contained in the wills of Mary McKinley and Elizabeth McKinley, residents of Armstrong county, sold certain real estate situate in that county, and afterwards removed to Allegheny county. She there made use of the funds arising from the said sale, to purchase other real estate in Allegheny county and took title to it in her own name and in that of her daughter. She has refused to declare a trust, and has of late removed from this state, and gone to reside in California.

The bill prayed (1) that defendants be restrained by injunction from selling, conveying, encumbering or disposing of, in any way, real estate situate in Allegheny county; (2) that the defendants be decreed to be trustees of the real estate; (3) that Mary Jane Colwell account to F. O. Goodwin; (4) that Mary Jane Colwell account to Ethel Hunter; (5) that a receiver be appointed to collect the rents accruing from said property and to take and hold any assets or property that may be found belonging to the estate of Mary McKinley and Elizabeth McKinley; and (6) such further and equitable relief as the court may deem meet.

The defendants demurred to the bill, for the following causes: (1) That upon the face of the bill defendants are not

liable to plaintiffs; (2) the plaintiffs have not shown any cause entitling them to the relief prayed; (3) the executrix, Mary Jane Colwell, was "empowered with full and absolute discretion in the sale, management and disposition of the said estate;" and (4) that a court of equity has no jurisdiction of the said bill, for the reason that Mary Jane Colwell is a testamentary trustee whose office is annexed to that of executrix and is, therefore, amenable alone to the orphans' court.

The court below sustained the demurrer and dismissed the bill, but filed no opinion. We are, therefore, without any information as to the reasons upon which the court based its action. The third cause, set forth in the demurrer, is not good; for while the power to sell at her discretion was complete, yet no right was given to the executrix to use the funds at her own discretion.

The property was devised to six persons, of whom the executrix was but one; and it was to be equally divided among them.

The fourth reason assigned in the demurrer is that the power of sale is created by will, and, therefore, the jurisdiction is exclusively in the orphans' court. But in this case the trust property is in another county and is outside the jurisdiction of the orphans' court having original control over the executrix. If equitable relief is then to be administered, it must be through the courts of Allegheny county, where the land lies that is sought to be declared within the trust: Van Dyke's Appeal, 60 Pa. 481. "The mere possession of the property of a decedent, even under circumstances from which a trust will be implied, does not of itself give the orphans' court jurisdiction over the person holding such property:" Delbert's Appeal, No. 2, 83 Pa. 468.

The jurisdiction of the court of common pleas sitting in equity, to establish a right under a will is maintained in Hall's Appeal, 112 Pa. 42. We think that in the present case, the right of the plaintiffs to maintain this bill cannot be questioned. Its purpose is not primarily to compel the distribution of an estate, but it is to have a trust declared for the benefit of those entitled thereto.

If the executrix were within the jurisdiction of the orphans' court she could of course be required to account for the pro-

ceeds of the sale of the real estate of the decedent. But she has removed permanently from the jurisdiction, and that court has no longer any control over her person, and would be without power to enforce its decree. The orphans' court of Armstrong county has no jurisdiction over real estate in Allegheny county, and there is no statute that would confer upon the orphans' court of Allegheny county, any power whatever in regard to the settlement of the estate, or the preservation of its assets.

The wills here in question raised no trust. The devisees took absolute interests in the entire estate immediately upon the death of the surviving testatrix. When the real estate was sold under the power of sale, the money became substituted for the land. If it was improperly used by the executrix to purchase property in Allegheny county, as alleged in the bill, then that property belonged to the devisees, and the parties holding the legal title are trustees for them, and the devisees are entitled to the aid of a court of equity to declare the trust, and to prevent the property from being sold, and its proceeds removed from the state. The trust would be one ex maleficio, with which the orphans' court has nothing to do. The only court that can give the necessary relief, under its equity powers, is the court of common pleas of the county where the real estate is located.

The assignments of error are sustained, and the judgment of the court below upon the demurrer is reversed; and it is ordered that the bill be reinstated, and that the record be remitted to the court below for further proceedings.