## COMMONWEALTH TRUST COMPANY OF PITTS-BURGH ET AL. *v.* BRADFORD, RECEIVER.

No. 273.   Argued February 5, 6, 1936.—Decided March 30, 1936.

*Mr. William A. Wilson,* with whom *Mr. W. Denning Stewart* was on the brief, for petitioners.

614

*Messrs. John G. Frazer* and *George P. Barse,* with whom *Mr. Robert L. Kirkpatrick* was on the brief, for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The order granting this certiorari limited our consideration "to the question of jurisdiction and its appropriate exercise."

The facts, not in serious dispute, were fully set out by the Circuit Court of Appeals. It will suffice now to restate those bearing particularly on the points for decision.

The Trust Department of The Bank of Pittsburgh National Association—The Bank—acquired real estate mortgages and held them in a pool apart from other assets. It sold participation shares therein to sundry customers and issued appropriate certificates. Interest on the mortgages, when collected, was distributed to these, as agreed. Difficulties arose; many debtors de-

faulted; and, to meet the demands of certificate holders, The Bank advanced $40,000.

In September, 1931 The Bank failed; the Comptroller of the Currency appointed first Thomas, then Atwood, and finally respondent Bradford, as Receiver to wind up its affairs. Desiring to relinquish control of the mortgage pool, the Receiver consented to the appointment by the Orphans' Court of petitioner, Commonwealth Trust Co., as successor trustee for the pool assets, and delivered all of them to it. The face value of mortgages so delivered exceeded the total outstanding certificates by $291,000.

The Orphans' Court authorized the trustee to distribute among certificate holders funds collected from mortgage debtors, but nothing went to the Receiver of The Bank, "the Court directing that payments to him be suspended pending a judicial determination of" his rights "to participate in such distribution."

Thereupon, the Receiver instituted these equity proceedings in the United States District Court. The Commonwealth Trust Co., as trustee, and four certificate holders were made defendants. The prayer of the bill asked an adjudication of the Receiver's right to be paid the excess of the mortgage debts over outstanding certificates ($291,000) from assets of the pool; also his privilege to receive therefrom the amount advanced by The Bank ($40,000) on account of agreed interest upon the certificates; and for general relief.

The District Court granted relief as prayed. The Circuit Court of Appeals held that the bill stated a cause in equity within the jurisdiction of the trial court and, with certain modifications, affirmed its decree. As so modified and finally approved, this provides:—

■ That there is due and payable to the plaintiff, Avery J. Bradford, Receiver of The Bank of Pittsburgh National Association, out of interest moneys collected and to be collected by the Commonwealth Trust Company

as Trustee of the mortgage pool formerly held by The Bank of Pittsburgh National Association from mortgages in said mortgage pool, the sum of $40,213.58 advanced to the mortgage pool by The Bank of Pittsburgh National Association.

■ That the plaintiff, Avery J. Bradford, Receiver of The Bank of Pittsburgh National Association, is a participant and cestui que trust to the amount of $291,-020.45 in the mortgage pool formerly administered by The Bank of Pittsburgh National Association and now being administered by the defendant, Commonwealth Trust Company as Trustee.

■ That there is now due and payable from the defendant, Commonwealth Trust Company, Trustee as aforesaid, to Avery J. Bradford, Receiver of The Bank of Pittsburgh National Association, the sum of $26,191.84, being the amount withheld from said Receiver under previous distributions to participants other than said Receiver on account of principal, and the sum of $29,225.26, being the amount withheld from said Receiver under previous distributions to participants other than said Receiver on account of income and the sum of $1,254.84, being the interest earned and collected by the Commonwealth Trust Company, Trustee as aforesaid, on the amounts withheld from said Receiver.

■ That this court retain jurisdiction of this cause for the purpose of making such other orders and decrees, if any, as may become necessary.

■ The claims established in paragraphs 1 and 3 shall have priority of payment over any future distribution of assets to participants in the pool.

Petitioners do not deny that ordinarily District Courts of the United States have original jurisdiction of suits by Receivers of National Banks; Title 28, U. S. C. 41 (1 and 16); *Gibson* v. *Peters,* 150 U. S. 342, 344; *In re Chetwood,* 165 U. S. 443, 458; *United States* v. *Weitzel,* 246 U. S. 533, 541; and that the parties were before the trial court.

But they maintain the cause stated by the bill was not one cognizable in equity, since the subject matter was a fund held by a trustee under appointment of the state court against which no adjudication was possible in the absence of an accounting—the necessity of this was inherent in the cause as presented. Also, that to enforce the remedy sought would necessarily interfere with possession and control of the *res* in the custody of the Orphans' Court. And further, that under the rule of comity approved in *Pennsylvania* v. *Williams*, 294 U. S. 176 and *Penn General Casualty Co.* v. *Pennsylvania*, 294 U. S. 189, the trial court should have dismissed the proceedings.

The original bill revealed that the Receiver had been denied participation as a cestui que trust in the assets held by petitioner Trust Company, and asked an adjudication of his rights therein. He did not seek direct interference with possession or control of the assets; he prayed that his right to partake thereof be determined. The claim was an equitable one, within the ordinary jurisdiction of the chancellor. "In all cases in which an action of account would be the proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a court of equity is undoubted; it is the appropriate tribunal." *Fowle* v. *Lawrason's Executor*, 5 Peters 495, 503; *Clews* v. *Jamieson*, 182 U. S. 461, 479–480; *Alexander* v. *Hillman*, 296 U. S. 222.

Jurisdiction having been properly invoked, it became the duty of the trial court to determine the issues, unless required by rules based on comity to relegate the complainant to the state court. This may not be done except in special and peculiar circumstances not revealed, we think, by the present record. *McClellan* v. *Carland*, 217 U. S. 268, 281, held—

"It, therefore, appeared upon the record presented to the Circuit Court of Appeals that the Circuit Court had

practically abandoned its jurisdiction over a case of which
it had cognizance, and turned the matter over for adjudi-
cation to the state court. This, it has been steadily held,
a federal court may not do. *Chicot County* v. *Sherwood,*
148 U. S. 529, 534."
See also *Kline* v. *Burke Construction Co.,* 260 U. S. 226,
234.

, The trust here involved was created by The Bank's
voluntary action, not by the Orphans' Court. Whatever
control the latter possessed resulted solely from appoint-
ment of the successor trustee and, for present purposes,
did not materially differ from that exercised by probate
courts over such fiduciaries as guardians, administrators,
executors, etc. The jurisdiction of federal courts to en-
tertain suits against the latter is clear, when instituted in
order to determine the validity of claims against the es-
tate or claimants' interests therein. Such proceedings
are not *in rem;* they seek only to establish rights; judg-
ments therein do not deal with the property and order
distribution; they adjudicate questions which precede
distribution. *Byers* v. *McAuley,* 149 U. S. 608, 620; *Se-
curity Trust Co.* v. *Black River National Bank,* 187 U. S.
211, 227; *Waterman* v. *Canal-Louisiana Bank & Trust
Co.,* 215 U. S. 33, 43; *Riehle* v. *Margolies,* 279 U. S. 218,
223; *Harrison* v. *Moncravie,* 264 Fed. 776, 779. Property
in its (the trustee's) posession is not *in custodia legis* as
in case of receivers. *Hinkley* v. *Art Students' League,* 37
F. (2d) 225, 226; *Appeal of Hall,* 112 Pa. 42, 54; 3 Atl.
783; *Strouse* v. *Lawrence,* 160 Pa. 421, 425; 28 Atl. 930;
*Goodwin* v. *Colwell,* 213 Pa. 614, 616; 63 Atl. 363; *Nevitt*
v. *Woodburn,* 190 Ill. 283, 289; 60 N. E. 500.

The trial court properly exercised the jurisdiction which
it acquired. The doctrine approved in *Pennsylvania* v.
*Williams,* and *Penn General Casualty Co.* v. *Pennsyl-
vania, supra,* is not applicable. In each of those cases we
found conflict between the federal court and authorities

of the State concerning liquidation of the business and assets of an insolvent local corporation. The question was whether, under the peculiar circumstances disclosed, the federal court should retain jurisdiction; its power generally to render judgment *in personam* against fiduciaries appointed by state courts was expressly recognized. Here there are no extraordinary circumstances. As contemplated by Congress the Receiver sought an adjudication of his rights. The final decree produced no interference with the trustee's possession, nor with the power of the Orphans' Court to order distribution of assets. The Receiver's privilege to participate has been declared; only a judgment *in personam* was rendered.

Congress has empowered Receivers of National Banks to sue in federal courts; the obvious importance of permitting them freely to do so cannot be disregarded.

All necessary parties were brought before the trial court. The claim to the contrary is without merit.

The challenged decree is

*Affirmed.*