**BRADFORD v. COMMONWEALTH TRUST CO. OF PITTSBURGH et al.**

**No. 6642.**

Circuit Court of Appeals, Third Circuit.

June 27, 1938.

John G. Frazer, Robert L. Kirkpatrick, George D. Lockhart and Reed, Smith, Shaw & McClay, all of Philadelphia, Pa., for appellant.

Wm. A. Wilson, of Pittsburgh, Pa., for appellees.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BIGGS, Circuit Judge.

The Bank of Pittsburgh National Association operated a mortgage pool. From time to time it had advanced money to pay interest accruing on participating certificates, and $40,213.58 of the sums so loaned was not repaid. In September, 1932, its receiver filed suit by way of a bill in equity in the United States District Court for the Western District of Pennsylvania to compel the Commonwealth Trust Company of Pittsburgh, successor trustee appointed by the Orphans' Court to take over the mortgage pool, and certain holders of participating certificates as representative persons, to pay the unpaid balance due The Bank of Pittsburgh National Association out of the funds in the pool. The District Court entered a decree upon April 11, 1934, wherein it determined that the sum of $40,213.58 was due and owing to The Bank of Pittsburgh National Association and further ordered "* * * that the defendant, Commonwealth Trust Company, as Trustee of said mortgage pool, pay to plaintiff, Arthur R. Atwood, Receiver of The Bank of Pittsburgh National Association, said sum of $40,213.58, with interest, from the date the interest moneys collected on the mortgages in the pool were sufficient and available to pay said sum."

It is admitted that the interest moneys collected on the mortgages were sufficient and were available upon February 1, 1932, to pay to the receiver of The Bank of Pittsburgh National Association the sum of $40,-213.58.

The defendants appealed from the decree just referred to. This court, on May 2, 1935, in an opinion by Judge Woolley, Commonwealth Trust Co. v. Atwood, 3 Cir., 78 F.2d 92, ordered that the decree of the District Court should be modified in accordance

with its opinion, but affirmed the decree of the District Court in all respects when so modified. The opinion stated in part (page 95):

"We approve the conclusions of law made by the learned trial court on the stipulated facts establishing the several claims of the bank to proceeds of the mortgage pool in liquidation, but are constrained to differ in respect to its orders addressed directly to the trustee appointed by the Orphans' Court to pay certain of them forthwith. As these orders, in practical effect, reach into the estate and grasp the res, against which there may, for aught we know, be claims of higher rank or with priorities, and concerning which certainly the Orphans' Court, first to acquire jurisdiction, is alone authorized under the cited authorities to make distribution and pay the claims here finally adjudged, it becomes necessary that the learned District Court modify the first and third paragraphs of its decree: the first paragraph by withdrawing its mandate to the trustee, an officer of the Orphans' Court, to pay the bank's claim there established, and the third paragraph by withdrawing a like mandate to the trustee to pay the bank's claims there established, and by giving the claims established in paragraphs 1 and 3 priority of payment over any future distribution of assets to participants in the pool."

We are not concerned with a modification of the third paragraph of the decree of the District Court. This is not now in issue. We are concerned solely with the modification required in the first paragraph of the decree of the District Court requiring that the decree of that court be altered so as to leave questions of priority of payment to the Orphans' Court. The opinion of this court approved the payment of the sum of $40,213.58 to The Bank of Pittsburgh National Association, stating as follows: "As to the item of $40,213.58 which the bank advanced to the certificate-holders when mortgagors began to default on their interest payments and is now seeking to recover, we hold with the learned trial court that it constitutes a valid debt of the trust and should be repaid the bank before further distributions are made to certificate-holders. Certainly there is nothing in the pool contract by which the certificate-holders could demand that money of the bank or by which, after payment, they were entitled to hold it. It was not a gift. It was a plain advance or loan based on the mistaken hope of better

times and a quick return. As the money did not belong to the certificate-holders, it should be returned to the bank from money which otherwise would belong to them."

Now it is true that no specific reference was made to interest, but in writing an opinion it is not customary to refer to all details of the case sub judice and no question relating to the payment of interest had been raised in the Court of Appeals.

Upon May 2, 1935, the decree of this court based upon the opinion was entered. It stated in part: " * * * It is now here ordered, adjudged and decreed * * * that the decree of the said District Court in this cause be, and the same is hereby modified in accordance with the opinion of this Court, and when so modified, the said decree will in all respects be affirmed * * * ". The defendants thereupon petitioned the Supreme Court for writ of certiorari, which was granted, 296 U.S. 566, 56 S.Ct. 124, 80 L.Ed. 399, limited, however, to the question of jurisdiction and the propriety of its exercise.

The question of jurisdiction was then argued before the Supreme Court and the challenged decree of this court was affirmed in 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920. The mandate of the Supreme Court which was directed to the District Court of the United States for the Western District of Pennsylvania, stated in part: " * * * It is now here ordered, adjudged and decreed by this Court that the decree of the said United States Circuit Court of Appeals in this cause be, and the same is hereby, affirmed * * * ".

In delivering the opinion of the Supreme Court, Mr. Justice McReynolds made no reference to any question of the payment of interest.

Thereafter, and upon April 28, 1937, the receiver of The Bank of Pittsburgh National Association filed a petition reciting the facts heretofore referred to and praying that the District Court enter an order modifying the decree of April 11, 1934, in accordance with the mandate of the Supreme Court and directing that interest be paid to plaintiff on the sum of $40,213.58 from February 1, 1932 until that sum should have been paid in full. The appellees moved to dismiss this petition, alleging that the decree of the District Court of April 11, 1934, had been so modified by the mandate of the Supreme Court and the decree of this

court that the District Court was without jurisdiction to add interest to the claim of $40,213.58, it being an adjudicated claim in that amount without interest, pursuant to the mandate of the Supreme Court and our decree. The District Court thereupon entered an order denying the appellant's petition that the order of April 11, 1934, when modified, be modified in such a way as to permit the payment of interest upon the sum of $40,213.58, as indicated. The present appeal is taken from this order.

■ Now the question presented is a very narrow one. The appellees insist that because this court modified the District Court's decree of April 11, 1934, it thereby prohibited payment of interest upon the sum of $40,213.58. This contention is incorrect. The decree of the District Court specifically provided for the payment of interest. Judge Woolley's opinion in nowise alludes to interest and provides for the modification of the first paragraph of the decree only to the extent that we have indicated, viz., the determination of priority of payment by the Orphans' Court. As a matter of law, interest was due and payable upon the sum of $40,213.58. Butte A. & P. Ry. Co. v. United States, 9 Cir., 61 F.2d 587; Billings v. United States, 232 U.S. 261, 34 S. Ct. 421, 58 L.Ed. 596; Miller v. Robertson, 266 U.S. 243, 258, 45 S.Ct. 73, 78, 69 L.Ed. 265. In finding that that principal sum was due without specifically adverting to the item of interest already ordered to be paid thereon, this court in its opinion and in its decree treated the interest as payable. The Supreme Court, which limited its review to the question of jurisdiction, expressly approved the decree of this court. Interest upon the sum of $40,213.58 therefore was and is payable from the funds of the mortgage pool.

The numerous authorities cited by the appellees are distinguishable. In the cases cited the decrees of the lower courts did not provide for the payment of interest or the interest in dispute was not that initially allowed by the lower courts.

The decree of the court below, dated September 27, 1937, is reversed and the cause is remanded with instructions to reinstate the petition filed by the appellant, Avery J. Bradford, Receiver, upon April 28, 1937, and to proceed in accordance with this opinion.