704

OSTERLING v. COMMONWEALTH TRUST
CO. OF PITTSBURGH et al.
Civ. A. No. 734.

District Court, W. D. Pennsylvania.
March 26, 1940.

John D. Stedeford, of Pittsburgh, Pa., for plaintiff.

Samuel W. Pringle, of Pittsburgh, Pa., for Commonwealth Trust Co., and attorney de bene esse for John H. Axtell.

GIBSON, District Judge.

The defendants are executors of the will of F. J. Osterling, deceased, and the instant action is directed against them in that capacity; and individually as well. F. J. Osterling bequeathed one-third of his estate to his sister, Bertha M. Osterling, after certain bequests, and at her death the present plaintiff, D. F. Osterling, succeeded to her interest in the undistributed portion of her interest.

Counsel has appeared specially for the defendant John H. Axtell, and has moved to dismiss the action as to him on the ground that he is, as appears by the Complaint, a resident of South Carolina. Counsel has also moved to dismiss the Complaint as to both defendants on the grounds (1) that the matters set forth in it are within the exclusive jurisdiction of the orphans' court of Allegheny County, Pennsylvania; (2) that said orphans' court has taken cognizance of and exercised jurisdiction over the matters set forth in it and has entered decrees of distribution involving adjudication of all matters raised by the complaint; (3) and that plaintiff had presented a petition to review four partial accounts filed in the orphans' court by defendants as executors under the will of F. J. Osterling, and also a petition praying the dismissal of said executors, which petitions raised the same matters set forth in the Complaint and were denied by the orphans' court, the denial being later sustained by the Supreme Court of Pennsylvania, which action bars the present suit; and (4) defendants have filed a fifth account which is now pending for audit, at which all matters not already adjudicated may be presented and considered.

■■■ The motion to dismiss the action as to John H. Axtell is to be treated as a motion to set aside the service of the Summons upon him. As stated in the Complaint, he is a resident of South Carolina. The alleged service upon him was made by leaving a copy of the Summons with a Trust Officer of the Commonwealth Trust Company. The right to so serve him is claimed upon the basis of a power of attorney which authorized the Commonwealth Trust Company "to accept service of any summons or suit arising in any manner out of the administration of the Estate of F. J. Osterling, Deceased." This power of attorney was given in 1934, one week after the death of F. J. Oster-

ling, and was quite evidently designed to obviate the inconveniences and delays which would naturally occur in the administration of the estate of the decedent by reason of the distance between the respective residences of the executors. The Commonwealth Trust Company did not accept service of the Summons in the instant case, and would not have been fully justified in doing so in view of the difference between the matters contemplated by the power of attorney and the instant case. If this action has any claim for standing, it must rest it upon the contention of plaintiff's counsel that it is a suit against the executors individually as tort-feasors, and does not affect the administration of the estate of F. J. Osterling in any way.

In the opinion of the court, the service of the summons as to John H. Axtell was invalid, and should be quashed, as the Commonwealth Trust Company had not the power, much less the duty, of accepting service in an action brought against its coexecutor in his individual capacity.

Next to be considered is the motion which applies to both defendants.

After those paragraphs which relate to jurisdiction and those which set forth the death and will of F. J. Osterling and the appointment and qualification of the defendants as executors, a number of paragraphs relate to four partial accounts filed by the defendants in the orphans' court. To the first and fourth of these accounts Bertha M. Osterling filed exceptions which were overruled by the orphans' court. Complainant alleges that the action of the Court was induced by the misrepresentations and importunities practiced by defendants. The orders of the Court confirming the accounts are alleged to be "pretended decrees * * * which are void by reason of the aforementioned improprieties on part of said defendants." In numerous paragraphs the plaintiff asserts that the defendants failed to charge themselves with property of the F. J. Osterling Estate, and in others improper payments are alleged to have been claimed. Plaintiff has stated in each paragraph the amount of the undercharge or overpayment and claims one-third of the amount as his own. In addition $50,000 is claimed as expense "incurred in investigating the importunities, irregularities. and improprieties of defendants." Not all the mat-

ters which are charged in the Complaint are mentioned in the exceptions to the first and fourth partial accounts, but all are closely related and could have been submitted to the orphans' court, and can still be submitted if sustained by heretofore unconsidered charges of fraud upon the Court.

"The jurisdiction of the orphans' court over the settlement and distribution of decedents' estates is exclusive, and necessarily includes the power to determine all questions essential thereto." In re Crisswell's Estate, 334 Pa. 266, 5 A.2d 577, 579.

Despite this jurisdiction of the orphans' court, plaintiff is seeking by the instant action a practical reversal of its judgments by this court—and that before its jurisdiction has been exhausted in respect to the matters in question. True, his counsel asserts that this suit is not an attack upon the jurisdiction of the orphans' court, that that Court has the right to proceed to a distribution which cannot be set aside by this court. Let us view the matter from a practical standpoint. In the thirtieth paragraph of the Complaint, after the recitation of a number of alleged failures and neglects, it is asserted that the executors and their counsel, by reason of the failures and neglects, have forfeited all rights to "any compensation which they took as fiduciaries, and in addition, forfeited any right to any credit * * * for any attorneys' fees paid their attorneys". Here, then, we have the orphans' court decreeing certain fees, and this court asked to declare the same fees illegal and to order them returned to plaintiff. If the orders of the orphans' court were obtained by fraud, that fraud cannot cause a transfer of the jurisdiction at this time. If the plaintiff or his predecessor in title were guilty of laches in not fully presenting such a charge to the orphans' court, that laches would be a defense in this court. It appears from the Complaint that the fraud has been discovered, if existent, prior to final disposition of the matter in the orphans' court, and may still be presented there.

Counsel for plaintiff. has cited certain cases which declare that concurrent actions may be maintained in a surrogate court and a Federal court where only a money judgment is sought in the latter. We can conceive of circumstances under

706

which two courts may each maintain an action upon the same issues, but not under those now confronting us. It must be remembered that the orphans' court first assumed jurisdiction of the matters raised by the Complaint, that the plaintiff and his predecessor in title submitted themselves to its jurisdiction in the disposition of the issue, and that that court has rendered judgment. The situation being thus, this court .cannot go behind the judgment. To do so would be tantamount to a baseless claim of appellate power over the judgments of the orphans' court.

This is not a case like Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920, where a claim against a trustee was established in a court other than that having control of the rem. Nor is it parallel to Griffith v. Godey, 113 U.S. 89, 5 S.Ct. 383, 28 L.Ed. 934, in which the fraud was discovered and the action brought after the surrogate's court had entered its final judgment and had parted with the rem. In the present case the essential charges in the Complaint were submitted to and decided by the orphans' court. If that court erred in its judgments, those judgments must be reviewed in the appellate courts of the State, not in this court.

The Complaint will be dismissed.