# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mateo Cortez and the Estate of Deborah Cortez,**
**Defendant Below and Movant Below, Petitioners,**

**vs.)    No. 17-0662 and 17-0942**  (Wirt County No. 15-C-28)

**Linda Murray, in her capacity as Successor Trustee of the William D. Short and Phyllis D. Short Revocable Living Trust Dated April 30, 1991,**
**Plaintiff Below, Respondent**

**and**

**Connie Lou Keith Barry, Donald Leaman Whited, Michael Ray Whited, Sherry Lynn Whited Salsbury, Sheila Pettry, Tywanna Pettry, Amanda Pettry, Heirs of Teresa Annette Whited Pettry, Terry Lee Whited, Betty Jo Marks, Charlene Rae Flesher-Johnston, Charles Bruce Roberts, Charlotte Rae Flesher-Ash, James Berl Marks, Linda Lou Murray, Lisa Ann Rader Smith, Magen Elizabeth Whited, Patricia Ann Marks Chapman, Randall Wayne Davis, Sandra Kay Flesher Brown, Thomas Wayne Marks, Virginia Ann Roberts Villers,**
**Defendants Below, Respondents.**

**FILED**

**May 31, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

This is a dispute regarding the William D. Short and Phyllis D. Short Revocable Living Trust Dated April 30, 1991 (the Short Trust or the Trust).  Linda Murray (Murray)[1] is the Successor Trustee of the Short Trust.  In 2015, Murray sought a declaration from the Circuit Court of Wirt County as to the proportionate interests of certain contingent beneficiaries to the Short Trust, including Mateo Cortez.  While Murray named Cortez as

---

[1] Murray is represented by J. Nicholas Barth, Esq. and Robert S. Fluharty, Jr., Esq. Petitioner Mateo Cortez is represented by Ancil G. Ramey, Esq. and Stacey L. Richards-Minigh, Esq.  Respondent Connie Lou Keith Barry is represented by Aaron C. Boone, Esq., David A. DeJarnett, Esq., and J. Tyler Mayhew, Esq.  Respondents Donald Leaman Whited, Michael Ray Whited, Sherry Lynn Whited Salsbury, Sheila Pettry, Tywanna Pettry, Amanda Pettry, and Heirs of Teresa Annette Whited Pettry are represented by Leslie L. Maze, Esq.  Joseph T. Santer, Esq., was guardian ad litem for any unknown and/or minor beneficiaries, below.

1

a party to her suit, she contends that he does not have a claim to the proceeds of the Short Trust.

Cortez believes differently. He argues that he is entitled to all of the assets of the Short Trust, either in his individual capacity or as sole heir of the estate of his deceased wife, Deborah Cortez (née Short) (Mrs. Cortez), who was a co-trustee of the Short Trust. Two courts—one in Texas and the circuit court—have so far held that Cortez has no right to share in the proceeds of the Short Trust (either individually or as heir to Mrs. Cortez's estate) under the plain language of the Short Trust. Nevertheless, Cortez persists in his claim to the assets of the Short Trust, valued at approximately $5,000,000 plus oil and gas interests.

We find the circuit court did not commit the various errors asserted by Cortez on appeal to this Court. Consequently, we affirm the circuit court's Order Denying Motion to Dismiss and Order Denying Motion to Intervene. We also affirm, in part, the Order Granting Motion for Partial Summary Judgment (Partial Summary Judgment Order) and Order Denying Defendant Mateo Cortez's Motion to Alter or Amend (Alter or Amend Order) insofar as those orders adjudge that Cortez does not have an interest in the Short Trust. However, for the reasons discussed below in Section III.B., we reverse, in part, the Partial Summary Judgment Order and Alter or Amend Order insofar as those orders dismiss Cortez as a defendant in Murray's declaratory judgment action. Further, we remand this case to the Circuit Court of Wirt County with directions, as set forth in detail in Section III.B.

Because this case does not present a new or substantial question of law, and for the reasons set forth herein, we find that the issuance of a memorandum decision is appropriate pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

## I.      Facts and Procedural History

Mrs. Cortez died childless and intestate in Texas in December 2011. Cortez is her surviving spouse and sole heir. Following Mrs. Cortez's death, Cortez filed a small estate affidavit in Texas probate court, affirming that Mrs. Cortez's assets (not including homestead or exemptions) did not exceed $50,000 in value. It is undisputed that Cortez was aware of the Short Trust when he filed the small estate affidavit.

Prior to her death, Mrs. Cortez was the co-trustee, together with Murray, of the Short Trust. Mrs. Cortez's parents, William Short (Mr. Short) and Phyllis Short (Mrs. Short), established the Short Trust in 1991 with the primary concern of providing for Mrs. Cortez's "health, support, education, welfare and best interests" during her lifetime. The value of the Short Trust is more than $5 million. It is composed of bank accounts and oil and gas interests, all located in West Virginia. The Trust owns no assets in Texas.

2

Mr. Short died in 2002, and Mrs. Short died in February 2011. Following Mrs. Cortez's death in December 2011, Mrs. Short's relative, Murray, became the sole trustee of the Short Trust. Murray resides in West Virginia.

In August 2014, Murray filed suit on behalf of the Short Trust in probate court in Travis County, Texas (the Texas Probate Court). On the Trust's behalf, she alleged claims of conspiracy, fraud, conversion, theft, negligence, and breach of fiduciary duty against Cortez, the Short Trust's investment advisor, and a Texas bank that had held some assets of the Short Trust. Murray sought money damages on the Trust's behalf, punitive damages, and attorneys' fees.

In June 2015, Cortez filed an Original Petition in Intervention (Petition) as representative of his deceased wife's estate in Murray's suit pending before the Texas Probate Court. In his Petition, Cortez asked the Texas Probate Court to declare that the Short Trust terminated on Mrs. Short's death; that Mrs. Cortez was the Shorts' sole heir at law; and that, because Mrs. Cortez was deceased, that the Trustee of the Short Trust was to distribute all remaining Trust funds to Mrs. Cortez's estate. Cortez named only Murray, in her capacity as Successor Trustee, as a defendant. His Petition did not name or otherwise allude to any other potential beneficiaries of the Trust.

In November 2015, Murray filed a declaratory judgment action under West Virginia Code § 55-13-1 (2016) in the Circuit Court of Wirt County concerning distribution of the assets of the Trust. She named twenty defendants, including Cortez. The vast majority of the defendants named by Murray lived in West Virginia. Cortez was the sole defendant who resided in Texas. The defendants, except Cortez, answered Murray's complaint in December 2015 and January 2016. None of the defendants, except Cortez, objected to the distribution of the Short Trust as alleged by Murray in her complaint.

Approximately one month after Murray filed the West Virginia declaratory judgment action, the Texas Probate Court issued a restraining order temporarily prohibiting her from distributing the assets of the Trust. The Texas Probate Court, however, did not order Murray to dismiss her declaratory judgment action.

In December 2015, Cortez moved to dismiss the West Virginia action on the ground of forum non conveniens (West Virginia Code § 56-1-1A (2012)). The circuit court denied the motion by order entered March 21, 2016. Cortez then sought a writ of prohibition from this Court on the same grounds, which we refused the following June.

In April 2016, Connie Lou Keith Barry (Barry), a defendant in Murray's declaratory judgment action, filed a motion for partial summary judgment to obtain a determination that Cortez was not a legal beneficiary of the Short Trust. The circuit court granted Barry's motion by order entered September 15, 2016 and dismissed Cortez from the case. Eleven days later, Murray filed a motion for summary judgment seeking a final order from the circuit court naming the Shorts' heirs and enumerating the proportional share of the Short

Trust to which each individual heir was entitled. On September 29, 2016, Cortez filed a motion to alter or amend the circuit court's Partial Summary Judgment Order. Less than one month later, while that motion was still pending, Cortez removed the case to the Southern District of West Virginia. In April 2017, the Southern District of West Virginia remanded the case back to the circuit court due to Cortez's untimely removal under 28 U.S.C. § 1446(b)(1).[2]

While Murray's declaratory judgment action was pending in federal court, the Texas Probate Court dismissed Cortez's Petition. In pertinent part, the Texas Probate Court's December 2016 judgment and dismissal order states:

> [T]he Court hereby dismisses any and all claims that Mateo Cortez, in his individual capacity or in his capacity as personal representative of the Estate of Deborah Cortez, has to any assets of The William D. Short and Phyllis D. Short Revocable Living Trust . . . other than his claim for undistributed income from the Trust during the life of Deborah Cortez.

Cortez is currently appealing that decision to the Third Court of Appeals, Texas (Appeal No. 03-17-00365). He submitted his reply brief in April 2018.

Following remand of Murray's declaratory judgment action to the circuit court, Cortez moved to intervene on behalf of Mrs. Cortez's estate and to dismiss Murray's action because she had not named Mrs. Cortez's estate as a party. During a June 2017 hearing, the circuit court denied Cortez's pending motions (Motion to Intervene; Motion to Dismiss; and Motion to Alter or Amend). Then, on June 30, 2017, the circuit court entered two orders, entitled Findings of Fact and Conclusions of Law and Final Judgment Order, memorializing its earlier rulings in June. In those orders, the circuit court named the Shorts' heirs; enumerated the proportional share of the Short Trust to which each individual heir is entitled; and authorized Murray to distribute the Trust assets, accordingly.

By order dated September 19, 2017, the circuit court voided its June 30, 2017 Findings of Fact and Conclusions of Law. It did not void the Final Judgment Order, which named the Shorts' heirs, detailed the Shorts' heirs' shares of the Short Trust, and authorized Murray to distribute the Trust assets. It then entered the following three orders: Alter or Amend Order; Order Denying Motion to Dismiss; and Order Denying Motion to Intervene. Cortez now appeals from those three orders, in addition to the Partial Summary Judgment Order.

---

[2] *Murray v. Murray*, Civil No. 2:16-09951, 2017 WL 1351407, *5 (April 10, 2017).

## II.     Standard of Review

Cortez's various assignments of error invoke different standards of review. We identify each standard of review in conjunction with the corresponding assignment of error.

## III.     Discussion

### A.     *Subject Matter Jurisdiction, Comity, and Forum Non Conveniens*

In his first three assignments of error, Cortez argues that the circuit court should have deferred to the first-filed litigation in Texas, or lacked jurisdiction to consider Murray's declaratory judgment action at all. For the following reasons, we find that the circuit court did not err by permitting Murray's declaratory judgment action to proceed here in West Virginia.

### 1.     *Subject Matter Jurisdiction*

Cortez invokes the *Princess Lida* doctrine to argue that the circuit court erroneously exercised jurisdiction over Murray's declaratory judgment action because the Texas Probate Court was already exercising in rem, or quasi in rem, jurisdiction over the Short Trust. The Fourth Circuit Court of Appeals has explained:

> According to the *Princess Lida* doctrine, a federal court may not exercise jurisdiction when granting the relief sought would require the court to control a particular property or res over which another court already has jurisdiction. . . . In order for the *Princess Lida* doctrine to apply, the two courts must be exercising jurisdiction over the same res. . . . Therefore, the doctrine applies only to in rem or quasi in rem cases.[3]

Regardless, "where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other."[4]

---

[3] *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 231 (4th Cir. 2000) (cleaned up) (citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939)).

[4] *Princess Lida*, 305 U.S. at 466.

Following a de novo review, we find that the circuit court did not err by exercising jurisdiction over Murray's declaratory judgment action.[5] The Texas Probate Court exercised in personam jurisdiction as to both Murray's original suit and Cortez's Petition. Murray pursued tort claims (conspiracy, fraud, conversion, theft, negligence, and breach of fiduciary duty) in the Texas Probate Court against non-trustees. There is a difference under the *Princess Lida* doctrine "between an action to obtain money from a specific, limited fund, and an action that seeks damages against third parties for misdeeds potentially related to the fund."[6] Murray's claims before the Texas court were "strictly for money damages, and [do] not involve any particular property or res."[7] Therefore, her initial suit did not invoke the in rem or quasi in rem jurisdiction of the Texas Probate Court.

As to Cortez's Petition before the Texas Probate Court, Cortez "does not ask the [Texas Probate Court] to seize the [Trust] funds as part of [his] action, but rather asks the court to determine [his] rights to the funds. It is well settled that such actions are properly classed as *in personam*."[8] Similarly, "the principle . . . that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other" does not apply to cases in which "the plaintiff seeks merely an adjudication of his right of his interest as a basis of a claim against a fund in the possession of a state court . . . ."[9]

We also note that a Texas commentator has described a quasi in rem proceeding under that state's law as necessarily requiring the res—the thing or property at issue between the parties—to "be within the court's control so that the judgment may act directly on it."[10] Here, it is undisputed that the Short Trust property (two bank accounts and oil and gas interests) is located in West Virginia. Thus, because the Short Trust property is not within the Texas Probate Court's control because it is not located within Texas, the

---

[5] We review de novo the circuit court's exercise of subject matter jurisdiction. *See State ex rel. Orlofske v. City of Wheeling*, 212 W. Va. 538, 542, 575 S.E.2d 148, 152 (2002).

[6] *Madanes v. Madanes*, 981 F. Supp. 241, 262 (S.D.N.Y. 1997).

[7] *Al-Abood*, 217 F.3d at 232.

[8] *Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1110 (N.D.Cal. 2014) (citing *Princess Lida*, 305 U.S. at 466; *Commonwealth Trust Co. of Pittsburgh v. Bradford*, 297 U.S. 613, 619 (1936) ("Such proceedings are not in rem; they seek only to establish rights; judgments therein do not deal with the property and other distribution; they adjudicate questions which precede distribution.")).

[9] *Princess Lida*, 305 U.S. at 466.

[10] *See* R. McDonald & E. Carlson, *Texas Civil Practice* § 4:8 (Dec. 2017 Update).

proceeding before the Texas Probate Court is in personam. That Cortez petitioned the Texas Probate Court to order the distribution of the Short Trust assets to him does not transform the Texas proceeding into a quasi in rem action.[11]

In sum, because Murray's original complaint and Cortez's Petition before the Texas Probate Court are in personam actions, the *Princess Lida* doctrine did not bar the circuit court from exercising subject matter jurisdiction over Murray's later-filed declaratory judgment action. As contemplated in *Princess Lida*, jurisdiction over the issue of Cortez's interest is concurrent in Texas and West Virginia, and the matters may proceed "at least until judgment is obtained in one of them which may be set up as res judicata in the other."[12]

### 2. *Comity*

Cortez also argues that the circuit court should have dismissed Murray's West Virginia declaratory judgment action because, among other, factual reasons, "Murray initiated this litigation over the administration of the Trust in Texas and the compulsory cause of action addressing distribution of the assets was previously filed in the Texas court." He argues that in similar circumstances, namely our prior decisions in *Morris v. Estate of Morris*[13] and *Berger v. Berger*,[14] this Court reversed a circuit court's denial of a motion to dismiss based on comity.[15] Alternatively, he argues the circuit court should have stayed Murray's case pursuant to West Virginia Code § 56-6-10 (2012).[16]

---

[11] *See id.* at § 4:6 ("An action in personam is a proceeding to enforce personal rights and obligations brought against the person and based on jurisdiction of the person, although it may involve his right to, or the exercise of ownership of, specific property, or seek to compel the person to control or dispose of it in accordance with the mandate of the court.").

[12] *Princess Lida*, 305 U.S. at 466.

[13] No. 15-1035, 2016 WL 6678988 (W. Va. Nov. 14, 2016).

[14] 177 W. Va. 58, 60, 350 S.E.2d 685, 687 (1986).

[15] Cortez raised this argument before the circuit court in his June 13, 2017 Motion to Dismiss.

[16] Section 56-6-10 states:

> Whenever it shall be made to appear to any court, or to the judge thereof in vacation, that a stay of proceedings in a case therein pending should be had until the decision of some other action, suit or proceeding in the same or another court, such court or judge shall make an order staying proceedings

Our prior decisions in *Morris* and *Berger* did not require the circuit court to dismiss Murray's declaratory judgment action.[17]  In *Morris*, this Court refused to probate a will that had already been probated in New Jersey.  In *Berger*, we refused to permit a circuit court to hear divorce proceedings when one spouse had already started divorce proceedings in North Carolina.  Those cases are dissimilar to this case because, here, the same parties do not pursue identical claims in concurrent jurisdictions.  While the question of Cortez's interest in the Short Trust was present in both proceedings, Murray asked the circuit court for relief (namely, declarations regarding the distribution of Short Trust assets among numerous beneficiaries; her authority to administer proceeds of Mr. Short's mesothelioma settlement; and her compensation for rendering services to the Short Trust) that she did not seek from the Texas Probate Court.  And, Murray's request to the circuit court for a declaration as to the ownership of the Short Trust did not duplicate Cortez's Petition in the Texas Probate Court because she sought an adjudication of the rights of numerous other potential beneficiaries.  As the circuit court observed, Cortez's and Murray's claims for declaratory relief are fundamentally different because Cortez never "request[ed] that the Texas court determine the proper beneficiaries of the [Short] Trust in the event his amended declaratory claim fails."

Turning to Cortez's argument regarding a stay under West Virginia Code § 56-6-10, Barry argues that Cortez did not ask the circuit court to stay this matter pursuant to § 56-6-10, and so has waived this argument on appeal.  Cortez replies that this waiver argument is "baseless," but provides no evidence that he sought a stay pursuant to § 56-6-10 from the circuit court.  Cortez's Motion to Dismiss (or Alternatively to Stay) and Memorandum of Law in Support Thereof of December 28, 2015, sought a stay pursuant to § 56-6-1a, but not § 56-6-10.  His Motion to Dismiss and Memorandum of Law in Support Thereof of June 12, 2017, did not request a stay.  Finally, while Cortez's Motion to Stay Proceedings of May 5, 2016, does reference § 56-6-10, it does so in the context of requesting a stay of proceedings pending resolution of Cortez's petition for a writ of prohibition from this Court, and not in the context of seeking a stay of this case, generally. "As we have stated, judges are not like pigs, hunting for truffles buried in briefs, and the

---

therein, upon such terms as may be prescribed in the order. But no application for such stay shall be entertained in vacation until reasonable notice thereof has been served upon the opposite party.

[17] We review the circuit court's ruling on Cortez's motion to dismiss de novo.  *See Ewing v. Bd. of Educ. of Cnty. of Summers*, 202 W. Va. 228, 235, 503 S.E.2d 541, 548 (1998) ("Therefore, we hold that when a party, as part of an appeal from a final judgment, assigns as error a circuit court's denial of a motion to dismiss, the circuit court's disposition of the motion to dismiss will be reviewed *de novo*.").

same observation may be made with respect to appendix records."[18]  Therefore, because Cortez has failed to provide proper support from the appendix record for his contention that Barry's waiver argument is "baseless," we find that Cortez has waived this argument on appeal.  For those reasons, and in the specific circumstances of this case, we find that the circuit court did not err on comity grounds.

### 3.    *Forum Non Conveniens*

Cortez next contends that the circuit court erred by not dismissing Murray's suit under West Virginia Code § 56-1-1a (Forum non conveniens) (2016).  Cortez raised this argument several times below.[19]  Cortez also pursued a writ from this Court to prohibit the circuit court from proceeding with Murray's case on forum non conveniens grounds, which we refused.

Although Cortez is entitled to appeal this issue, there is no reason to depart from our earlier decision refusing Cortez's writ.[20]  The circuit court's Order Denying Mateo Cortez's 12(b) Motion to Dismiss (or alternatively to Stay) addresses each of the eight factors enumerated in West Virginia Code § 56-1-1a.  Given the facts that (1) Murray, the Successor Trustee, resides in West Virginia; (2) the Short Trust corpus is located in West Virginia; and (3) the majority of contingent beneficiaries of the Short Trust are West Virginia residents, we cannot say that the circuit court abused its discretion by refusing to find that forum non conveniens requires dismissal of the instant proceeding.

In his Motion to Alter or Amend, Cortez argued that the circuit court should have reversed its prior decision regarding the suitability of West Virginia as a forum because, on September 28, 2016, the Texas Probate Court ruled that it had jurisdiction over all the necessary parties, including Mrs. Cortez's estate.  However, less than three months later,

---

[18] *Multiplex, Inc. v. Town of Clay*, 231 W. Va. 728, 731 n.1, 749 S.E.2d 621, 624 n.1 (2013) (cleaned up).  Moreover, assuming Cortez had sought a general stay, below, pursuant to West Virginia Code § 56-6-10, the circuit court did not abuse its discretion in permitting this case to proceed for the reasons discussed in relation to Cortez's general comity argument.  *See Dunfee v. Childs*, 59 W. Va. 225, 233, 53 S.E. 209, 212 (1906) (decision to stay under § 56-6-10 rests in sound discretion of trial court).

[19] Cortez first argued forum non conveniens in his December 28, 2015 motion to dismiss, and then, again in his motion to alter or amend of September 29, 2016.

[20] We have repeatedly held that "a writ of prohibition is an appropriate remedy to resolve the issue of where venue for a civil action lies, because the issue of venue has the potential of placing a litigant at an unwarranted disadvantage in a pending action and relief by appeal would be inadequate."  *State ex rel. Mylan, Inc. v. Zakaib*, 227 W. Va. 641, 645, 713 S.E.2d 356, 360 (2011) (internal citations and quotations omitted).

the Texas Probate Court ruled that Cortez (individually and as representative of Mrs. Cortez's estate) did not have an interest in the Short Trust and dismissed all of Cortez's claims against the contingent beneficiaries.  But, the Texas Probate Court did not determine either the identity of the Shorts' heirs or their proportional interests in the Trust.  Those issues, along with Murray's plea for a declaration as to her authority as Trustee and for compensation, remained pending before the circuit court in Murray's declaratory judgment action.  In light of these unique procedural circumstances, we find that the circuit court did not err in denying that portion of Cortez's Motion to Alter or Amend contesting venue here in West Virginia.

### B.      *The Circuit Court's Partial Summary Judgment Order and Alter or Amend Order*

The circuit court granted Barry's motion for partial summary judgment against Cortez on September 15, 2016, finding that he did not have an interest in the Short Trust, individually or as Cortez's sole heir, and dismissing Cortez from Murray's suit.  Cortez then filed a Motion to Alter or Amend that judgment on September 29, 2016, which the circuit court denied by order dated September 19, 2017.  Cortez challenges both rulings on appeal to this Court.[21]

Barry responds that Cortez's arguments to reverse the circuit court's grant of partial summary judgment are moot because this Court must give full faith and credit to the Texas Probate Court's December 2016 Order and Judgment (Texas Order and Judgment), in which it dismissed

> any and all claims that Mateo Cortez, in his individual capacity
> or in his capacity as personal representative of the Estate of
> Deborah Cortez, has to any assets of The William D. Short and
> Phyllis D. Short Revocable Living Trust . . . other than his
> claim for undistributed income from the Trust during the life
> of Deborah Cortez.

That Cortez is currently appealing the Texas Order and Judgment should not, Barry argues, prevent this Court from treating the Texas order as res judicata because under Texas law, "[a] judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo."[22]  Based

---

[21] We review the circuit court's grant of partial summary judgment de novo.  *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).  Therefore, we also review de novo Cortez's appeal from the motion to alter or amend that judgment.  *See* Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998).

[22] *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (internal quotation omitted).

on the preclusive effects of the Texas Order and Judgment, Barry urges us to conclude that res judicata bars Cortez's claims before this Court, and so to affirm the circuit court's Partial Summary Judgment Order and dismiss Cortez's appeal.

We agree with Barry's argument because we conclude that the Texas Order and Judgment is, under the Texas law cited above, a final judgment on the merits to which this Court must defer.[23] Under Texas law,[24] a prior final judgment on the merits will preclude further litigation of an issue in subsequent proceedings where: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action."[25]

Applied here, those factors easily show that Cortez is collaterally estopped from attacking the Texas Order and Judgment in this Court.[26] Cortez himself raised the issue of his interest in the Short Trust before the Texas Probate Court; he cannot say that he was denied a fair opportunity to litigate it in that court. Certainly, the fact of his interest, or lack thereof, in the Short Trust was essential to the Texas Order and Judgment. And, there

---

[23] *See Princess Lida*, 305 U.S. at 466 (observing that some parallel matters may proceed "at least until judgment is obtained in one of them which may be set up as res judicata in the other"). Because we conclude that we must defer to the Texas Order and Judgment, we do not address Cortez's procedural arguments regarding the circuit court's Partial Summary Judgment Order.

[24] *See Jordache Ent., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 204 W. Va. 465, 476, 513 S.E.2d 692, 703 (1998) (applying New York law of res judicata to determine preclusive effect of prior New York order on proceeding in circuit court); Syl. Pt. 3, *State ex rel. Lynn v. Eddy*, 152 W. Va. 345, 163 S.E.2d 472 (1968) ("By virtue of the full faith and credit clause of the Constitution of the United States, a judgment of a court of another state has the same force and effect in this State as it has in the state in which it was pronounced.").

[25] *Sysco Food Serv., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

[26] The Texas Order and Judgment post-dated the circuit court's order granting Barry partial summary judgment as to Cortez's interest in the Short Trust by approximately two months. The circuit court's order granting partial summary judgment was not, however, a final order for purposes of res judicata because it was subject to Cortez's motion to alter or amend, and, now, to appeal. *See Jordache Ent., Inc.*, 204 W. Va. at 476, 513 S.E.2d at 703 (recognizing that this Court has intimated that a West Virginia judgment pending appeal is not final for res judicata and collateral estoppel purposes). Thus, the Texas Order and Judgment, which is a final order for purposes of res judicata under Texas law, was the first, final order regarding Cortez's interest (or lack thereof) in the Short Trust.

11

is no doubt that Cortez and Murray were cast as adversaries before the Texas Probate Court. Thus, the Texas Probate Court's judgment that Cortez does not have an interest in the Short Trust, either individually or in his capacity as representative of the Estate of Deborah Cortez, has preclusive effect under Texas law, and so must be respected by this Court. Accordingly, we affirm-in-part the circuit court's Partial Summary Judgment Order and Alter or Amend Order based on the preclusive effect of the Texas Order and Judgment.

The preclusive effect of the Texas Order and Judgment also reaches to Cortez's fifth assignment of error, challenging the circuit court's denial of his motion to intervene on behalf of the Estate of Deborah Cortez and companion motion to dismiss based on Murray's alleged failure to join the Estate of Deborah Cortez in her declaratory judgment suit. As noted above, the Texas Probate Court concluded that Cortez did not have an interest in the Short Trust, in his individual capacity or as representative of the Estate of Deborah Cortez. Therefore, Cortez was collaterally estopped from arguing that the Estate of Deborah Cortez had an interest in the Short Trust, and therefore had a right to intervene in the matter before the circuit court, and from arguing that the Estate of Deborah Cortez was an indispensable party in Murray's declaratory judgment suit.[27]

We do not agree with Barry, however, that the way forward is simply to affirm the circuit court's Partial Summary Judgment Order and Alter or Amend Order and dismiss Cortez's appeal. Logically, because the circuit court has already determined the interests of the contingent beneficiaries, an affirmance here will lead directly to the distribution of the remaining assets of the Short Trust. While this Court doubts that any Texas appellate court will find that Cortez has an interest in the Short Trust, Cortez's pending appeal creates that possibility. Should a Texas appellate court find that Cortez has an interest in the Short Trust and reverse the Texas Order and Judgment, the Trustee will be subject to conflicting orders. Even worse, the Trustee will likely have already distributed the Trust assets to the contingent beneficiaries pursuant to the circuit court's Final Judgment Order. Additional litigation would likely then ensue to align the West Virginia and Texas outcomes and recover the Trust assets.

We are not alone in foreseeing this danger. As a leading procedural treatise has explained:

> The major problem is that a second judgment based upon the preclusive effects of the first judgment should not stand if the first judgment is reversed. In some cases, litigants and the courts have collaborated so ineptly that the second judgment has become conclusive even though it rested solely on a judgment that was later reversed. This result should always be

---

[27] *See Sysco Food Serv., Inc.*, 890 S.W.2d at 801.

avoided, whether by delaying further proceedings in the second action pending conclusion of the appeal in the first action, by a protective appeal in the second action that is held open pending determination of the appeal in the first action, or by direct action to vacate the second judgment. It may prove desirable to include an express provision for reopening in the second judgment.[28]

Therefore, while we affirm the circuit court's grant of partial summary judgment to Barry on the issue of Cortez's interest in the Short Trust, we nevertheless reverse its dismissal of Cortez from this case and remand the matter back to the Circuit Court of Wirt County with directions to enter an order prohibiting Murray from distributing proceeds from the Short Trust and staying this matter until Cortez has either exhausted the Texas appellate process or the Texas Order and Judgment is otherwise rendered non-appealable.[29] At such time, the circuit court may then dismiss Cortez, lift the stay, and order Murray to proceed with the distribution of the Trust assets as set forth in the circuit court's Final Judgment Order of June 30, 2016. If, on appeal, the Texas Order and Judgment is reversed, then Cortez may file an appropriate motion with this Court to reopen his appeal of the circuit court's grant of partial summary judgment in light of the reversal of the Texas Order and Judgment.

On remand, the circuit court may require the parties to update the circuit court at appropriate intervals as to the status of Cortez's appeal of the Texas Order and Judgment.

---

[28] 18A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 4433 (2d. ed. April 2018 Update) (internal notes omitted).

[29] We recognize that this disposition necessarily delays the distribution of the assets of the Short Trust to the contingent beneficiaries. However, as we explain above, there is a possibility that a Texas appellate court may reverse the Texas Order and Judgment, which is a final judgment on the issue of Cortez's interest in the Trust to which this Court must defer. Ultimately, by this disposition, we seek to prevent conflicting Texas and West Virginia judgments, a possibility that would likely entail lengthy, costly litigation that would further inconvenience the parties.

Affirmed, in part; Reversed, in part; and Remanded with directions.


**ISSUED: May 31, 2018**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry, II
Justice Elizabeth D. Walker